**ABEL et ux. v. GULF REFINING CO.**

No. 4153.

Court of Appeal of Louisiana.   Second Circuit.

June 29, 1932.

For former opinion, see 138 So. 708.

Chris Barnette, of Shreveport, for appellants.

Thatcher, Browne, Porteous & Myers, of Shreveport, J. S. Atkinson, of Mansfield, and F. E. Greer, of Shreveport, for appellee.

McGREGOR, J.

The facts of this case were fully stated in the opinion handed down on January 14, 1932. 138 So. 708. In that opinion we definitely approved the finding of the lower court that the driver of the defendant's truck was guilty of negligence. A review of the testimony on this point confirms this opinion, and convinces us that the truck driver was guilty of the grossest negligence.

While the lower court and this court, as then constituted, held that the driver of the truck was negligent, it was also held that the plaintiff was guilty of negligence that contributed to the collision, and that she was therefore barred from recovering damages on account thereof. This contributory negligence was held to consist of plaintiff's failure to see the dangerous position in which defendant placed her by his negligent act of cutting the corner and driving directly across her path and of doing nothing to extricate herself from the perilous position.

There is a well-settled rule that an automobile driver, who, by the negligence of another and not by his own negligence, is suddenly confronted by an emergency and is compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence, placed in such a position, might make, even though he did not make the wisest choice. This rule presupposes that there is sufficient time after the appearance of the sudden emergency in which some kind of choice of action can be made. It requires a certain length of time to make a choice and to put it into execution, and, if this required time does not exist, then certainly one cannot be charged with contributory negligence if one makes no effort to escape. This principle is well expressed in 45 Corpus Juris, Negligence, art. 95, as follows: "The suddenness with which an emergency arose is an element for consideration in determining whether the conduct of the person confronted therewith was negligent or excusable under the emergency rule. An emergency may arise so suddenly and unexpectedly that a prudent person would have no time to comprehend the situation and act according to the exigency, and under such circumstances negligence cannot be predicated on the conduct of the person placed in such a situation, even though the emergency was one consisting of imminent peril to himself, for under such circumstances the act or omission of the endangered person is presumed to have been involuntary."

Plaintiff certainly was careful in exercising due caution just a few seconds before the collision, for she testifies that she saw defendant's truck in the middle of the street, coming in her direction. At this moment there was nothing to indicate that the truck driver

was planning or intending to make a left-hand turn to enter Rogers street. She blew her horn for him to "move over" in order to give her more room to pass him. She testifies then that she was not conscious of his obstructing her path any more until the instant of the collision—too late for her to choose a way of escape. The fact that she was watchful and cautious enough to see the defendant's truck several feet ahead of her in the middle of the street and to sound her horn at him would indicate that she was not proceeding negligently along the street. At the moment of the collision, defendant's driver had cut the corner, had crossed plaintiff's path, and his truck was about two feet into Rogers street. He says that at the moment that he arrived at that position he saw the plaintiff for the first time, and, realizing that he could not get out of her way, he set his brakes, stopped the car, and awaited the inevitable blow. He knew she could not go around him to the right, and he says that he could not have gotten out of her way sufficiently for her to pass to his rear or the left.

■ It is contended that defendant's truck was a very slow-moving cumbersome vehicle, and that it necessarily took a wide circle and ample time to turn into this street. This does not excuse the driver of the truck; on the contrary, greater care and caution were required of him in making this turn. If he could so turn the truck as to put its front at the left corner of the intersection when and where he did, he could have just as easily made the turn so as to put the front end of the truck at the right corner of the intersection. If he had done this, there would have been no collision. It was his chance to avoid the collision.

■■ If, for the sake of the argument, it is admitted that for a moment the plaintiff took her eye off the road or street and did not see defendant's truck when she should have done so, and if she was in the act of colliding with the truck before she realized its presence, this is the only negligence with which she can be charged. But, in spite of this negligence, if in truth it was negligence, she was at all times on her side of the street down to the moment of the collision, within a few inches of the curb. Defendant's driver knew that he was planning to cut left into Rogers street, and that in order to do it he was going to "cut the corner." He had no right to make that turn until and unless it was safe. In order to determine whether it was safe to do this, he should have observed every car meeting him, and should not have attempted to cut across the street until it was safe to do so. He should have seen every car in front of him that was close enough to him to make it dangerous for him to make the crossing. It lay with him entirely to choose the time to cross and he had the obligation not to get in the path of a driver who did not see

him trying to cross. He says he did not see plaintiff until she was within thirty feet of him. It was negligent in him not to have seen her sooner. He had two last clear chances to avoid the collision: First, he should have seen her before he did and should have waited for her to pass; second, he should have speeded up and gotten out of her path.

■ The driving of defendant's truck across the path of plaintiff and stopping still and waiting was the proximate cause of the collision. Even though plaintiff may have been negligent in not keeping her eyes riveted on the truck, the driver had the last clear chance to avoid the accident and did not do so. Instead, he deliberately failed to observe plaintiff's approach and blocked her path so suddenly and completely that she had no opportunity to choose any avenue of escape. There was nothing for her to do but to throw up her hands and await the inevitable. It is not for the defendant to criticize plaintiff for doing nothing to avoid the accident. She did not create the situation. It was thrust suddenly upon her. The truck driver created the situation, and he was just as excited as was the plaintiff. The only difference was that he was so frightened he could not move and she was so frightened she could not stop. It happened so quickly she could not see it, whereas the truck driver should have seen her coming and should not have undertaken to pass. In undertaking to pass as he did without seeing her as he should have done, he lost his last clear chance to avoid the collision. Plaintiff had no last clear chance, according to the testimony of the truck driver himself. Surely she could not have escaped down Rogers street, nor could she go to the rear of the truck, for the driver himself said he stopped when he did for the reason that, if he had gone as much farther into the street as he could have done before the inevitable collision, she would have not even then been able to pass to his rear, but would have hit his tank in the middle, and there might have been a terrible explosion.

The judgment appealed from is wrong, and should be reversed.

### Quantum of Damage.

Plaintiff, J. C. Abel, Jr., the husband, as head and master of the community, sued for and has established his demand for $151.31, the cost of repairing the automobile driven by his wife. The testimony is also conclusive that at least $300 medical expense was incurred for his wife on account of the accident. These two amounts will be allowed.

■ Before the accident the plaintiff Mrs. J. C. Abel, Jr., had suffered a great deal from various and sundry disorders and derangements peculiar to her sex. She had spent a great deal of time and money in an effort to gain relief and to have her health restored.

She spent some time at Battle Creek, Mich., and was greatly relieved. At the time of the accident she appeared to be well on the road to recovery. The accident gave her a great set-back and many of her former troubles have returned. She may or may not be able to get back to where she was before the accident. The shock was necessarily great, and even a well woman would have been considerably upset. It is in evidence that she had suffered a great deal nervously, and so, in the very nature of things, an accident of this kind would undo the effort of years when she was seeking, and thought she had practically obtained, a restoration to health. It is difficult to appraise damage of this kind. The suffering which plaintiff has endured since, and because of, the accident, cannot be measured by or compensated with money, and yet it is not in line with the jurisprudence to allow any large amount in cases of this kind. We think an award of $600 will do substantial justice.

For the reasons assigned, our former decree herein is set aside, and it is now ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby reversed, annulled, and set aside, and it is now ordered that the plaintiff J. C. Abel, Jr., have and recover judgment against the defendant, Gulf Refining Company, for the sum of $151.31, the cost of repairing the automobile driven by his wife, and for $300 on account of medical expenses incurred; and that Mrs. Margaret Flood Abel have and recover judgment against the defendant, Gulf Refining Company, for the sum of $600 on account of physical and mental injuries received. It is further ordered that all the said amounts bear 5 per cent. interest per annum from September 22, 1930, and that the defendant pay all costs of both courts.