## BASS v. BURNLEY.

### No. 6052.

Court of Appeal of Louisiana.   Second Circuit.

Nov. 3, 1939.

R. J. Newson, of Shreveport, for appellant.

Algie D. Brown, of Shreveport, for appellee.

DREW, Judge.

In a well prepared opinion, the lower court has correctly set out the issue in this case. It has likewise passed upon the credibility of the witnesses and found the facts in favor of plaintiff, and awarded judgment accordingly. Its opinion is as follows:

"This suit results from an accident on St. Vincent Avenue, in the City of Shreveport, which occurred on November 25, 1938, at about 6:30 or 7:00 P. M.

"The plaintiff, Sam Bass, was travelling north on St. Vincent, whereas the defendant was going in a southerly direction on the same street. Sam Bass, a negro, was accompanied by his brother and his brother's wife. Mr. H. C. Burnley, a brother of the defendant, and his son, together with a Mr. Phillips, were in the car with Mr. W. F. Burnley.

"The plaintiff seeks damages as follows:

| | |
|---|---|
| Value of car | $ 50.00 |
| Pain and suffering | 400.00 |
| Assault | 100.00 |
| | $550.00 |

"The plaintiff alleges as the basis for his action that the defendant was negligent in the following particulars:

"(1) Driving an automobile while intoxicated to such an extent as to be unable to properly control said automobile;

"(2) Failing to keep a proper lookout for oncoming traffic and disregarding the rights of fellow drivers;

"(3) Swerving or driving onto the left hand side of the street at the time of the above mentioned accident;

"(4) Driving in a careless and reckless manner.

"The defendant in his answer has denied the allegations of plaintiff's petition and alleges that the accident was caused solely by the negligence of the driver of the plaintiff's car, in suddenly swerving to the defendant's side of the road at a time when they were about to meet. Defendant denies the alleged assault.

"At the point on St. Vincent Avenue where this collision occurred, there is no intersection of any type. There was some parking space on the east side of the street for the J. B. Beaird Corporation. The street was dry and there were no weather conditions that would in any way interfere with the operation of an automobile.

"We shall first consider the question of intoxication of W. F. Burnley, the defendant in this case. The finding of fact on this question will largely determine the weight to be given his testimony about the collision, together with the other questions involved in this case.

"Mr. Roger Johns, the employer of the plaintiff, testified that the defendant had been drinking and he considered him drunk, although this was at least an hour after the accident. (Tr. page 5). Two police officers of the City of Shreveport arrived at the scene about fifteen minutes after the wreck. Mr. J. W. Flory, the first officer, testified that the defendant 'was almost drunk' and positively that he was under the influence of alcohol. (Tr. p. 13). Mr. L. E. Hall, the other officer, testified that the defendant 'was very near drunk'. (Tr. p. 18). These witnesses were disinterested and their testimony convinced the Court that W. F. Burnley, the defendant in this case, was under the influence of alcohol at the time of the wreck.

"As against this testimony, we have the defense witnesses, a Mr. Phillips, a brother of Mr. H. C. Burnley and the defendant himself. Mr. Phillips gives no assistance, as he frankly admits he was so drunk that he hardly remembers of there being an accident. We can't accept the testimony of Mr. H. C. Burnley on this question, who testified as follows, with reference to Mr. Phillips, who was admittedly passed out:

" 'Q. How about Mr. Phillips? A. If Mr. Phillips drank anything, I didn't see it.

" 'Q. He was not intoxicated? A. No.

" 'Q. No drinking going on at all? A. Nothing to drink.' (Tr. 68, lines 10–15).

"We can't rely on the testimony of Mr. H. H. Thompson in this case. He did not get out of his car and only stopped momentarily. It was at night and we do not think he was in a position to definitely express an opinion as to Mr. Burnley's condition.

"The admitted damages to both cars were to the right front and side of each. That is, to the area around the right front headlight of defendant's car and the right front headlight and right side of plaintiff's car.

"The defendant's theory being that he was on his extreme right side of the street and the plaintiff suddenly pulled over to the left. At that point there were cars alleged to have been parked just off the highway and we are inclined to the belief that if the accident had happened in that manner, other automobiles would have been damaged. As we have already pointed out, there would have been no reason for the plaintiff to have suddenly cut to the left where there was no street intersection and no other possible reason shown by the testimony why he should have done so.

Because of the location of the damage to both cars and the condition of the defendant at the time, we are convinced that the accident happened substantially as alleged by the plaintiff; that is, that the defendant was operating his automobile on the wrong side of the street at the time of the collision, which, no doubt, resulted from his being under the influence of alcohol. That, therefore, the accident resulted solely as a result of the negligence of the defendant, W. F. Burnley.

"As has been often stated by our appellate courts, that where a motorist is placed in such circumstances, he is not held to the exercise of that unerring judgment and resolution that would be expected of him, when acting deliberately. Jacob v. Edwards et al., La.App., 171 So. 165; Willis v. Standard Oil Company, 17 La.App. 217, 135 So. 777; Lacy v. Lucky et al., 19 La. App. 743, 140 So. 857; Abel et ux v. Gulf Refining Company, La.App., 143 So. 82; Naremore et al. v. Beene Motor Company, La.App., 159 So. 426.

"So in this case the fact that plaintiff cut to the left in an effort to avoid this collision, does not, under the circumstances, show any negligence on his part.

"The quantum of damages in this case, as usual, presents much difficulty. There is no evidence to substantiate or prove an assault, although there is some inference of an assault; so the claim for damages in that respect is rejected.

"Plaintiff asks for $50.00 for the automobile, a 1931 model Ford Coach, for which the plaintiff paid $95.00 some six months before and sold for $25.00 as junk. From the evidence, we think $30.00, in addition to the $25.00 already received, will compensate plaintiff for this loss, and there will be allowed $5.00 for a wrecker fee, which was not specifically claimed in the pleading, but was proved without objection.

"The injuries to the plaintiff were minor. There was a slight cut on his arm, sustained, apparently, in getting out of the car immediately after the injury, which required three stitches. Although he complains of shock and soreness, we are inclined to the belief that this is greatly magnified. He lost no time from his work, and no other person involved in the wreck complained of any injury as a result of this collision.

"In making an award in this case, we also take into consideration the pecuniary or financial condition of the defendant, who is an employee of the Grogan Refinery and evidently a man of very modest circumstances.

"We think an award of $50.00 will compensate plaintiff for any pain or suffering that he sustained as a result of this accident. There is, therefore, judgment in favor of the plaintiff, Sam Bass, and against the defendant, W. F. Burnley, in the sum of Eighty-five and no/100 ($85.-00) Dollars, with legal interest from judicial demand and all cost of this suit.
"John R. Pleasant
"District Judge."

The defendant prosecutes this appeal and complains of that portion of the lower court's opinion, wherein it discredits the testimony of defendant and some of his witnesses. The reasons assigned by the lower court for discrediting them are, in our opinion, sound.

He further complains of the finding of the lower court, in that it did not find plaintiff guilty of contributory negligence in cutting to the left a moment before the impact. Under the circumstances and facts found by the court, with which we fully agree, defendant's action did not constitute contributory negligence. A mere reading of the decisions cited in the opinion of the lower court will reveal the rule laid down and adhered to by the appellate courts of this state, sustaining the view taken by the lower court.

In our opinion, the judgment is correct in all respects and it is affirmed with costs.