No. 1886.
Second Circuit Appeal.

---

ELSTON, PRINCE & McDADE, INC., v. ECONOMY CASH STORE, ET AL. C. E. SANDERS, Intervenor and Third Opponent.

---

(October 17, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 153**
The doctrine that parol testimony as to extra-judicial declarations by parties is the weakest species of evidence is universally recognized by the courts

2. **Louisiana Digest—Appeal—Par. 625.**
The judgment of the trial judge on matter of fact not being erroneous is affirmed

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge

This is a suit on an open account against a partnership.

R. L. Williams filed an exception of misjoinder which was sustained.

Judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellant.

W. M. Phillips, of Shreveport, attorney for R. L. Williams and C. E. Sanders.

L. P. Garrot, of Shreveport, attorney curator *ad hoc*, to represent H. M. Williams doing business as Economy Cash Store.

PORTER, J. The plaintiff sued the defendant—a commercial concern—on an open account for $447.83, and legal interest thereon from June 1, 1922. The petition alleged that the defendant concern was a commercial partnership, composed of R. L. Williams, H. M. Williams and Mrs. Luella C. Williams, and prayed for judgment, *in solido*, against all of them.

R. L. Williams filed an exception of misjoinder, in which he alleged that he was not, and never had been, a partner in said business. The exception was tried and sustained, and from that judgment the plaintiffs appealed. The above ruling on the exception presents the sole issue before us.

The facts, as shown by the testimony, are, briefly stated, as follows:

In January or February, 1922, the exceptor purchased the business, and conducted it for some six weeks or two months, and then sold it to H. M. Williams, after which time, he says, he had no connection with the business, and no interest in it, except to collect the money due him by H. M. Williams.

The learned District Judge handed down a written opinion in which he discusses the testimony of all of the witnesses, and concludes that it is insufficient to show that R. L. Williams was ever a partner in the

concern. The testimony on behalf of the plaintiffs consists principally of statements by several witnesses that after the date of the sale of the business by the exceptor, he occasionally came to the store and remained for short periods of time, and that he would occasionally sell some trifling article to a customer. It is shown by some of these witnesses that R. L. Williams took no part in the management of the store, did not employ the employee, or purchase any goods, and did not even know the combination of the safe. One witness, Mrs. Holman, the bookkeeper, inferred from certain statements—which she was unable to detail—that said Williams was interested in the business.

The only real tangible evidence is a statement by one of the plaintiffs to the effect that R. L. Williams, after the suit was filed, and after the store was closed by the attachment which was coupled with the suit, specifically admitted that he had an interest as a partner in the business. The exceptor denies making any such statement. He was a conductor on one of the railroads running into Shreveport, and lived about two blocks from the store. When he was at home, he sometimes went to the store. He was interested in the success of the business, because H. M. Williams owed him a considerable sum because of his endorsement of a note given by the former, the purpose of which was to buy a bankrupt stock of goods to be placed in the store. After his sale of the business to H. M. Williams, the exceptor purchased the store building, and after it was closed by the attachment, he was interested in having the matter settled, so that he could use the building. He therefore tried to effect a settlement with the creditors of H. M. Williams.

The District Judge reviewed the testimony of all the witnesses more fully than we have done.

The doctrine that parol testimony as to extra-judicial declarations by parties is the weakest species of evidence is universally recognized by the courts. See numerous cases cited in the La. Digest, pages 167 and 168, Vol. III.

Counsel for plaintiffs, in their brief (we do not recall that the matter was referred to in their argument before the court) invoke the provisions of Act 114 of 1912, relative to fraudulent sales of goods in bulk. We are unable to pereceive how this law can be pertinent to a suit against an alleged commercial partnership, which contains no reference whatever to the sale by R. L. Williams to H. M. Williams.

The District Judge said that a part of the goods were purchased while R. L. Williams was the owner of the store, but that as it was impossible to determine from the evidence what that portion was, and furthermore, that as the suit was against R. L. Williams as a partner, it was not possible to give plaintiff judgment for any amount. Plaintiff's rights, however, were fully reserved in the judgment on this point.

The case turns on a question of fact, and we are unable to say that the trial judge erred in the conclusion reached by him.

The judgment is affirmed.