This suit arose out of a collision between an automobile owned by plaintiff and being then operated by its employee, and a car owned and operated by defendant. The accident occurred on Highway 31, running between New Orleans and Buras.
It is charged that defendant is liable because of the speed at which his car was being driven, coupled with his lack of care and caution, the result being that defendant lost control of his automobile completely and ran into plaintiff's car, which was being driven along its right side of the road in the opposite direction.
Defendant denied any negligence on his part and alleged that the accident was caused solely by the negligence of plaintiff's employee. In absolving himself from any negligence, defendant injected the plea or doctrine of the last clear chance.
In the alternative, defendant pleaded contributory negligence on the part of plaintiff's employee.
Defendant reconvened and prayed for judgment in the amount of $2,710, which included the amount necessary to repair the damage to his automobile, personal injuries, and medical expenses.
The court below awarded judgment for the plaintiff in the sum of $228, as prayed for, and dismissed defendant's reconventional demand. Defendant has appealed.
We have no difficulty in arriving at the facts, most of which may fairly be said to be undisputed. Plaintiff's car was being driven South on Highway 31, in the direction of the village of Buras. Defendant, in company with his wife, was driving north, or towards the City of New Orleans. The highway in question is graveled and, at the time, was in a poor condition for the purposes of driving as a result of accumulated loose gravel. The accident occurred at 2:30 o'clock in the afternoon on a clear, dry day, and at a point on the highway where it was perfectly straight, thus affording clear visibility of approaching traffic. As defendant was driving along the road, his car became unmanageable and started to swerve from one side of the highway to the other, continuing in this manner for a distance of about two hundred feet, when the collision occurred. While attempting to regain control of his automobile, defendant observed the approach of plaintiff's car and the impending danger. Defendant maintains that the loss of control of his car was not occasioned by its speed, which he fixes at thirty-five to forty miles per hour, but by the sudden "blow-out" or deflation of a tire. He urges that when this occurred his automobile immediately began to swerve and that the crash occurred before there was time or opportunity to avert it. In a statement made shortly after the accident defendant said that the swerving of his car had been caused by his excessive speed on the loose gravel, causing him to lose control, and that he alone was at fault and would pay for all resulting damages. This admission is confirmed in his answer and in his testimony on the witness stand, save that he denies having stated that the speed of his car was the governing cause.
On seeing defendant's automobile approaching, obviously out of control, plaintiff's employee and operator reduced the speed of his car to about five miles per hour, driving as close to the right ditch bank as possible in an effort to afford defendant as much driving room as possible, thus hoping to avoid the impending crash. Even this precautionary measure, however, failed to avert the collision, as the left front end of defendant's car struck the left front end and side of plaintiff's automobile, causing the latter to face at right angles to the road with the right front wheel in the ditch on plaintiff's right, or driving side of the highway.
The last clear chance doctrine has no application to the facts of this case, nor is there to be found a scintilla of proof *Page 151 
showing any negligence on the part of plaintiff's employee in the operation of plaintiff's car. He was driving in a careful and prudent manner and along his right side of the highway. On realizing the approaching danger, he did all that it was humanly possible for him to do in the emergency other than driving his car across the ditch into the adjoining field.
It developed that the left rear tire of defendant's automobile did not have a sudden "blow-out", but rather, became slowly deflated from a puncture caused by a small nail. Defendant did not know what had caused him to lose control of his car until he was told, a few days following the accident, that his rear tire was flat. As a matter of fact, he could not assign any reason for the swerving of his car, concluding that the flat tire was the cause only after being so informed some time subsequent. Defendant testified that his car swerved along the highway for a distance of about two hundred feet, or, as he says, "more than half a block", before the collision occurred. During this entire distance, during which time he states that he was endeavoring to regain driving control, he made no effort to apply his brakes or to stop the car. That his brakes were in good condition is not denied.
It was defendant's duty to operate his car in a reasonable and prudent manner, as any reasonable or prudent person would have done. We are convinced that, immediately upon becoming aware of the fact that he had lost control of his car, seeing it swerve from one side of the road to the other, and observing an approaching car with which a collision seemed inevitable unless some immediate step be taken, a prudent and reasonable person would attempt to apply the brakes without delay and bring his car to an immediate stop. Accepting his statement that he was traveling at a speed of thirty-five to forty miles per hour at the moment his car began swerving, had he applied his brakes, as prudence and reason dictated, he certainly could have stopped his car within the distance of almost two hundred feet, which he states his careening car traveled before colliding with plaintiff's automobile. It is manifest that there was sufficient time and distance to have permitted of the stopping of his car had he attempted to do so upon becoming aware of the danger presented. His failure to do so was negligence on his part and renders him liable.
We may add that at the scene of the accident, and immediately thereafter, defendant voluntarily admitted that he alone was at fault, promising to pay all damages occasioned. Even if we should, as defendant maintains, disregard this statement, which he urges as having been made in a moment of excitement, or as a sudden exclamation, we observe that two days after the accident defendant again, after having time to reflect, admitted and assumed full responsibility for the accident. It is shown that on that occasion he telephoned plaintiff's office at Harvey, Louisiana, and we find him testifying as follows:
"When he told me that (i.e., plaintiff's car having been sent to Houston, Texas, for repairs) up to that point I had assumed full responsibility for the accident. I had made no pretense at all in attempting to avoid paying it, I fully felt responsible * * *".
It was only after learning that he could not have an estimate made by his own agent of the damages to plaintiff's car — it being then in the State of Texas — that defendant reversed his admission of responsibility and thereupon called on his attorneys.
Our courts have held that liability cannot be created by sudden exclamations made in a moment of stress or excitement, nor even by admissions made on reflection, unless there is, in fact, liability under the law. Junk v. Golden Ranch Sugar Cattle Company, 122 La. 794, 48 So. 267; Razer v. Brown, 156 La. 1008, 101 So. 398; Francois v. Maison Blanche Realty Company,134 La. 215, 63 So. 880, Ann.Cas.1916B, 451; Patton v. Frost-Johnson Lumber Company, 142 La. 117, 76 So. 580; Elston, Prince McDade, Inc., v. Economy Cash Store, 1 La.App. 36. But, as is stated in the case of Parker v. Employers' Casualty Company, La.App., 152 So. 373, and approvingly relied upon by us in Levy v. White, La.App., 5 So.2d 28:
"But when such admissions are considered in the light of, and coupled with, testimony fairly conclusive of the negligence of the one making the admissions, a case is established beyond which there can be no peradventure of doubt."
Plaintiff and defendant, having stipulated that the damages occasioned to plaintiff's car amounted to the sum of $228, the amount sued for, the court below in rendering judgment in favor of plaintiff for the *Page 152 
sum of $228, as prayed for, and dismissing defendant's reconventional demand, is manifestly correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.