This suit arises out of a collision between a Greyhound bus owned by Teche Lines, Inc., hereinafter referred to as the "bus", and a truck and trailer owned by Jack Gorum hereinafter referred to as the "Traveler", said collision occurring on a straight stretch of the Baton Rouge-New Orleans Air-line paved highway on a clear day, September 12, 1940, at about 1:30 P.M., some three or four miles south of Gonzales. Just prior to the accident plaintiff was driving the bus south in the direction of New Orleans, and James Miller was driving the truck and trailer north in the direction of Baton Rouge.
Plaintiff sues Jack Gorum, the owner, James Miller, the driver, and the National Mutual Casualty Co., the insurance liability carrier of the Traveler, in solido, for the sum of $8,020.60, of which $7,000 is for personal injuries, and of which $1,020.60 is for loss of six months of time. The Central Surety Insurance Company, the compensation insurance carrier of the bus, intervened for the repayment of the sum of $194.64, the amount it paid to plaintiff as compensation, for medical and hospital expenses, as a result of injuries sustained by plaintiff.
Plaintiff alleges that he was driving the bus on his right hand side, in a southerly direction, and that Miller was driving the Traveler in a northerly direction on his right hand side, when Miller suddenly left his right hand side of the highway, cut across the highway in the path of the bus, in such close proximity that it was physically and mechanically impossible to stop the bus in time to avoid a collision. He further alleges that the Traveler was travelling in such close proximity to another truck which was approaching a mowing machine unit of the Highway Department, all travelling in a northerly direction, at such a speed that when the preceding truck either stopped or slowed down, the Traveler, because it lacked proper brakes or because of its excessive *Page 734 
speed, was unable to stop, and cut over to the left into the path of the bus without diminishing its speed. The charges of negligence against Miller, the driver of the Traveler, are: (1) In not remaining in a safe distance from the preceding truck; (2) in driving too close to the preceding truck; (3) in not slowing down when the preceding truck slowed down; (4) in not making sure that it was safe for him to pass the preceding truck; (5) in not having his truck and trailer under proper control; (6) in having defective brakes; and (7) in not driving as a careful and prudent driver would have done under similar circumstances.
In answer, the defendants denied any negligence on the part of Miller, the driver of the Traveler, and in the alternative charged plaintiff with contributory negligence in:
"(1) Driving the bus at a speed in excess of fifty miles per hour as provided by the Statutes of Louisiana. (2) Driving up to congested traffic and passing a red flag on a highway truck working on the highway, at a speed in excess of fifty miles per hour and without having reduced said speed, or applied the brakes and having the bus under control. (3) in failing to observe the congestion of traffic behind the highway truck and mowing machine; and his vision of the highway to the rear being obscured, in approaching such a situation at a speed in excess of fifty miles per hour and without having the bus under control, and (4) in failing to anticipate, observe and discover the peril and dangerous position of defendant's truck and trailer, all of which a careful, prudent and observant driver should have and would have discovered in ample time to have his vehicle under control and thus avoid the collision."
Upon these issues the case was tried, resulting in a judgment in favor of plaintiff, and against the defendants, in solido, in the sum of $1,135.15, with interest thereon from October 9, 1940, the date of judicial demand, until paid, and costs; and a further decree in favor of intervenor and against the said defendants, in solido, in the sum of $194.64, with costs, this to be over and above the amount granted to plaintiff. Defendants have appealed.
In this court, defendants practically concede the negligence of Miller, the driver of the Traveler, as they entirely rely on their plea of contributory negligence on the part of plaintiff to defeat his action for damages. Even if the negligence of Miller were not conceded, it is so obvious as to require little comment.
Miller was driving the Traveler, composed of truck and trailer of an overall length of some twenty-five feet, immediately behind a grocery truck with a tarpaulin over it, hereinafter referred to as the Levy truck. In front of the Levy truck was a tractor and mowing machine of the Louisiana Highway Commission, hereinafter referred to as the grass-cutter unit, travelling at a slow speed of three or four miles per hour, cutting grass on the right shoulder, or east side of the highway. The tractor and the mowing machine, save the blade, were on the pavement. These three vehicles were travelling north on their right or east side of the center line of the pavement. The bus driven by plaintiff was travelling south, naturally in the opposite direction, on its right hand side.
As the Levy truck approached the grass cutter unit, the driver perceived the on-coming bus, and realizing that he could not pass the grass cutter unit and regain his side of the road, on account of the on-coming bus, reduced his speed to about the speed of the grass cutter unit. Miller, the driver of the Traveler, either because he had been travelling at an excessive speed, or because he was not keeping a proper lookout, or was too close to the Levy truck, could not stop, or thought that he could not stop, behind the Levy truck without striking it in the rear. When he was some 20 or 40 feet from the rear of the Levy truck, realizing the impending danger, Miller swerved his truck to the left and into the traffic lane of the on-coming bus, as he says, to avoid the striking of the Levy truck and with the intention of getting over on the west shoulder of the paved portion of the highway, which shoulder is some 25 or 30 feet in width. Plaintiff, faced with this situation, applied his brakes and swerved his bus to the right in the direction of the west shoulder of the road. The front of his bus struck the right front part of the trailer of the Traveler at a point immediately west of the pavement and on the shoulder of the road. At the time of the impact, the bus was headed in a southwesterly direction, while the trailer of the Traveler was headed in a northwesterly direction, or practically at right angle to each other.
Miller, from his own admissions, was guilty of gross negligence in failing to keep his truck under proper control and in not keeping a proper lookout so as to enable him to perceive the maneuvers of the Levy truck and to stop behind the said Levy truck, and *Page 735 
in the swerving of his truck and trailer to the left into the traffic lane of the on-coming bus when the said bus was too close to the grass cutter unit and the Levy truck to enable it, the Traveler, to pass the said vehicles.
We now come to the discussion of the question of contributory negligence, if any, of the plaintiff, in bar of his recovery.
Defendants, in this court, rely on two acts of negligence on the part of plaintiff, namely: "1. His excessive speed in approaching the slowly moving `piled-up' traffic. 2. His negligence after he actually had seen the Arkansas Traveler start across his path, 75 feet ahead and failing to stop." We shall discuss these acts of negligence in the order set forth by the defendants.
The preponderance of the evidence shows that plaintiff was driving at a rate of speed of 40 to 45 miles per hour, on his right hand side of the paved portion of the highway, until he was within a distance of a few hundred feet of the grass-cutter unit, when, in accordance with his testimony, he reduced his speed to about 30 to 35 miles per hour in order to pass this unit safely. His testimony is not contradicted or impeached as to his reducing his speed. Even had he been travelling faster than thirty-five miles per hour, we cannot say that this would be an excessive speed in that there was nothing in front of him in his lane of travel to cause him to check or reduce his speed. He had no reason to expect that a vehicle coming from the opposite direction, on its right side, would suddenly swerve over into his lane of traffic, but on the contrary, he had the right to presume that oncoming traffic would obey the traffic regulations of this State and permit him to proceed on his right side of the road. We therefore absolve him of the first charge of negligence.
There is conflict in the contentions of counsel for plaintiff and defendant as to the distance the bus was from the Traveler when the latter suddenly swerved out of its lane of travel into the traffic lane of the bus. The able and industrious counsel for defendants strenuously argues in his brief that the bus was some 75 feet from the Traveler when the latter pulled to its left across the west lane of travel. However, the testimony of the driver of the Levy truck, the testimony of the driver of the grass cutter unit and that of the bus driver leads us to believe that the distance was between 40 and 50 feet and not 75 feet as contended by the defendants. Such was the conclusion of the trial judge, and we see no manifest error therein.
Defendants contend that according to plaintiff's own testimony he had sufficient space to stop and that by failing to stop, he was negligent. Plaintiff testified that, going at a speed of 30 to 35 miles per hour, he could stop the bus within about 35 feet. Our understanding of his testimony is that he meant he could stop his bus within that distance after the application of his brakes; he did not take into consideration the time necessary to make the preparations to stop after becoming aware of the danger. Furthermore, we are dealing in split-seconds, and his testimony is that he could not determine whether Miller would pull his truck back into his right lane of travel or would continue on his left lane of travel or would take to the west shoulder. Plaintiff applied his brakes and swerved his bus to the right in order to go on the wide west shoulder. We see nothing wrong on plaintiff's part in so acting on the spur of the moment. Plaintiff had nothing to do with creating the emergency with which he was confronted. The trial court, in his judgment states: "Under such evidence, confronted with this sudden emergency, the Court must exonerate plaintiff of all negligence", and further found that the sole and proximate cause of the accident was the negligence of Miller, the driver of the Traveler. We are satisfied that he was eminently correct.
As to the quantum of damages, we find a statement in plaintiff's brief that he filed an answer to the appeal. We fail to find any such answer in the record or a note of such filing.
However, we are of the opinion that the award as made by the trial judge is ample, and certainly not excessive. The trial judge found that "plaintiff suffered, and was badly bruised", but that "plaintiff suffered no permanent injuries", the injuries received by plaintiff being "cuts and bruises, as were shown to this Court, the most serious of which was `a chip fracture of nasal base' * * *". Plaintiff was in the hospital for a period of about ten days, and was incapacitated from work for a period of six weeks. He had several rather severe cuts on his face and other parts of his body, the most serious leaving a small scar at the tip of his nose. The judge awarded him $1,000 for such injuries and $135.15, the difference between the compensation paid him and the loss of his salary for six weeks. Defendants *Page 736 
do not dispute the amount allowed for the loss of salary, nor the award allowed the intervenor.
For these reasons assigned, the judgment appealed from is affirmed.
LeBLANC and OTT, JJ., concur.