This suit arises out of the same bus-truck collision as detailed in the case of H.L. Leforte v. the same defendants, La. App., 7 So.2d 733, this day decided. The cases had been consolidated for trial with the provision that separate judgments would be rendered.
In this suit, the Teche Lines, Inc., the owner of the Greyhound bus driven by Leforte, seeks property damage to the amount of $4,180.31. The pleadings are about the same as in the Leforte case, supra. The trial judge rendered judgment in favor of plaintiff and against the defendants, in solido, in the sum of $3,800.28. The defendants suspensively appealed to this court from this judgment.
At the time this case was argued before us, we raised the question of the jurisdiction of this court to entertain this appeal in that the question involved property damage to an amount in excess of $2,000. Our examination of the authorities indicates that we are not vested with jurisdiction.
Article 7, Section 10, of the Constitution, 1921, gives the Supreme Court appellate jurisdiction of all matters wherein the amount in dispute exceeds the sum of $2,000.00, "except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances." As the plaintiff, the Teche Lines, Inc., is not suing for damages for physical injuries suffered by it or resulting from an act which caused also a physical injury to it, its claim does not come within the exception. The amount involved is over $2,000, beyond our jurisdiction as fixed by the Constitution, and it becomes therefore our duty to transfer this case to the Supreme Court on our motion. See Spearman v. Toye Bros. Auto Taxicab Co., 164 La. 677, 114 So. 591; Newsom v. Starns et al., 174 La. 955, 142 So. 138. See also Section 29 of Article 7 of the Constitution for our appellate jurisdiction.
For the reasons assigned, and in accordance with Act 19 of 1912, it is ordered that the appeal in this case be transferred to the Supreme Court of Louisiana; that the appellants be and they are hereby given thirty days from the date this decree becomes final in which to perfect and file this appeal in the Supreme Court, and on their failure to do so, the appeal to stand as dismissed.
LeBLANC, DORE and OTT, JJ., concur. *Page 737