**BROWN v. GORUM et al.**

**No. 134.**

District Court, E. D. Louisiana,
Baton Rouge Division.

July 24, 1942.

J. D. Deblieux, of Baton Rouge, La., for plaintiff.

Spearing, McClendon & McCabe, of New Orleans, La., for defendants Jack Gorum and National Mut. Casualty Co.

Loret, Percy & Bailey, of Baton Rouge, La., for defendant Globe Indemnity Co.

BORAH, District Judge.

This is another one of a series of cases that has followed in the wake of Vardaman Gill v. Jack Gorum et al. (Civil Action No. 111 of the docket of this court).[1] It arises out of the same accident and, as in the case of H. L. Leforte v. Jack Gorum et al., La. App., 7 So.2d 733, it is stipulated that the court will determine the issues of liability on the same evidence that was introduced in the earlier case.

[1] No opinion for publication.

834

### Findings of Fact.

On September 12, 1940 at about 1:30 P. M. on a clear day a motor bus owned by the Teche Lines, Inc., collided with a motor truck and trailer owned by Jack Gorum. The collision occurred on a straight stretch of the Baton Rouge-New Orleans Airline paved highway.

The plaintiff, Henry Brown, was a passenger in the bus. He sustained multiple lacerations of a minor character about the face and a partial amputation of the left ear; the nasal bone was fractured and there was a small incomplete fracture of the ankle. He was hospitalized for ten days and for two months his foot remained in a cast. At the time of his injury plaintiff was earning $3.20 per day and he testified it was nine months before he was in condition to resume work. Plaintiff has had a complete recovery.

This action was brought by plaintiff against Jack Gorum, the National Mutual Casualty Company, insurance carrier on the truck, and Globe Indemnity Company, insurance carrier on the bus, to recover damages for the injuries sustained by him as a result of the collision and for the expenses and loss of salary occasioned him thereby.

Just prior to the collision involved herein H. L. Leforte, an employee of Teche Lines, Inc., was driving the bus south in the direction of New Orleans and James Miller was driving the truck and trailer north in the direction of Baton Rouge. Miller was driving immediately behind a grocery truck which had a tarpaulin over it. In front of the grocery truck was a tractor and mowing machine of the Louisiana Highway Commission, traveling at a speed of three or four miles per hour, cutting grass on the right shoulder, or east side of the highway.

As the grocery truck approached the grass cutter unit, its driver observed the on-coming bus and realizing that he could not pass the overtaken grass cutter unit and regain his side of the road in safety, he reduced his speed to conform to the speed of the grass cutter unit.

Miller, by his own admission, was driving the truck and trailer so close behind the grocery truck and at such a speed that when the grocery truck slowed down behind the grass cutter unit he could not stop or slow down sufficiently to avoid striking the grocery truck in the rear.

Miller was not keeping a proper lookout and did not realize that he was getting himself and the truck and trailer that he was driving in that predicament until after he had already gotten into it. It was not until he was some twenty or forty feet from the rear of the grocery truck that he realized the impending danger, whereupon he swerved his truck and trailer to the left and into the traffic lane of the on-coming bus.

When Miller cut across the road the bus was not over forty or fifty feet distant, and Leforte, the driver of the bus, could not stop in time to avoid a collision. Confronted with this sudden emergency, Leforte applied his brakes and swerved his bus to the right in the direction of the west shoulder of the road in an effort to avoid the collision. His efforts, however, were futile and the bus struck the right front part of the trailer at a point immediately west of the pavement and on the shoulder of the road.

Prior to reaching the scene of the accident Leforte was driving the bus on his right-hand side of the paved portion of the highway at a speed of between forty and forty-five miles per hour, and this speed was maintained until he arrived at a point within a few hundred feet of the grass cutter unit, whereupon he reduced the speed of the bus to about thirty to thirty-five miles per hour in order to pass this unit safely.

■ There was nothing in front of the bus in its lane of traffic and Leforte had no reason to expect that a vehicle coming from the opposite direction would suddenly come out from behind the grocery truck into his lane of traffic. On the contrary, he had a right to presume that on-coming traffic would obey the traffic regulations of this State.

Leforte played no part in creating the emergency with which he was confronted and his actions when confronted with this sudden and unexpected peril are not susceptible of criticism, and the court must exonerate him of all negligence.

### Conclusions of Law.

■ Miller was guilty of gross negligence in failing to keep his truck under proper control and in not keeping a proper lookout so as to enable him to perceive the maneuvers of the grocery truck and to stop behind the grocery truck.

■ Miller was also negligent in swerving the truck and trailer to his left across

the path of the on-coming bus when the bus was too close to the grass cutter unit and the grocery truck to enable his truck to pass the said vehicles in perfect safety. Act 21 of the Legislature of Louisiana for the year 1932, § 3, rule 7(c).

■ Miller's negligence was the sole and proximate cause of the accident.

■ The speed at which Leforte was driving the bus was not excessive.

■ Leforte had no reason to anticipate the possibility of any collision until the truck and trailer suddenly cut out in front of him from behind the grocery truck, and no fault is attributable to him for his actions in the emergency.

■ The court will allow for all items of damage claimed the sum of $3.200, and the clerk is instructed to enter judgment in favor of the plaintiff, Henry Brown, and against the defendants, Jack Gorum and National Mutual Casualty Company, in solido, for this amount.

The court further directs that judgment be entered in favor of the defendant, Globe Indemnity Company, and against the plaintiff dismissing the action on the merits insofar as it is against the Globe Indemnity Company.