This action by plaintiff to recover damages for physical injuries is the sequence of a collision between an automobile driven by her and one driven by the defendant, the afternoon of March 31, 1941. The collision occurred on the eighteen-foot paved highway leading from the City of Alexandria toward Lake Charles, Louisiana. Plaintiff was traveling southerly while defendant was going northerly.
Plaintiff alleges that while driving at a speed not in excess of thirty-five miles per hour upon her side of the highway, she observed defendant's car approaching at a speed of approximately sixty or sixty-five miles per hour; that when a short distance before the cars would have passed, defendant's car ran off the pavement onto the road's shoulders and "in attempting to pull said speeding car back onto the pavement defendant's car headed across the road directly at the car petitioner was driving"; and, in the effort to avert a collision, she applied the brakes, pulled her car over on the shoulder and reduced speed, and when her car was almost at a standstill, defendant's car ran into it broadside.
The petition was excepted to as disclosing neither a cause nor a right of action. The exceptions were overruled. They are re-urged here.
The petition in this case is unique in that the words "negligence" and "carelessness", descriptive of defendant's acts, alleged cause of the accident, are wholly absent. However, it seems fairly clear to us that the language of the allegations of the petition in substance and effect is the equivalent of charging that the accident was the result of negligence and carelessness of the defendant. After all, to charge a person as being negligent is but to state a conclusion of law determinable alone from the facts.
The charges that defendant while traveling at a rate of speed of from sixty to sixty-five miles per hour, ran off the highway and while so speeding attempted to regain his position thereon, in the face of the approach of plaintiff's car, not far away, on the opposite side of the road, and for these reasons running into it, certainly warrant the conclusion that the collision was caused by and is attributable to defendant's negligence.
It is argued on behalf of the exceptor that the allegations of the petition disclose that her own negligence contributed to the accident to such extent as to bar recovery. We are unable to concur in this position. Reasons therefor are set forth at length in our opinion on the merits.
Defendant exonerated himself from fault in connection with the accident and alleges the following facts to justify his position, to-wit:
That he was at all times driving at a reasonable rate of speed, and immediately prior to the accident met a truck preceding plaintiff's car that was so far across the medial line of the pavement on defendant's side thereof, that he was forced, in order to avert a collision, to veer to his right and leave the pavement; that because of this shift in position his car "went into a `spin' and collided with the car being driven by the plaintiff"; that he exercised due care and caution in handling his car during the emergency occasioned by the truck driver's action.
In the alternative, defendant pleads contributory negligence against plaintiff in that, as he avers, she had ample time and opportunity to have pulled her own car from the pavement and stopped same after observing the emergent situation described above, and did not do so; but, on the contrary, continued to drive forward until her car was in such position that the collision could not have been avoided.
Further, in the alternative, defendant pleads that plaintiff had the last clear chance to prevent the accident and failed to avail herself of it.
The court sustained plaintiff's theory of the accident and awarded her damages in the sum of Seven Hundred Fifty and No/100 ($750.00) Dollars, in addition to medical, hospital and physicians' bills, aggregating the sum of One Hundred Fifty-Six and No/100 ($156.00) Dollars. Defendant appealed devolutively. Plaintiff asks that the judgment be affirmed. The trial judge gave written reasons for judgment.
There is conflict to some extent in the testimony bearing upon the fact of the accident and those immediately preceding its happening. However, the testimony of defendant himself, augmented by a few undisputed facts, clearly convict him of negligence of such character as to warrant the judgment rendered against him. The testimony creates doubt that a truck forced defendant from the highway. Eyewitnesses did not see a truck pass at that time. It is unnecessary to make a definite finding on this question of fact. *Page 278 
Plaintiff was driving on her side of the highway at a speed not in excess of thirty-five miles per hour. She was nearing the apex of a rise in the highway when suddenly she saw defendant's car not far away performing the antics which will be related in detail hereinafter. She reduced speed, pulled her car to the right until both right wheels were well off of the pavement and was in this position, going slowly, when the right rear end of defendant's car struck hers on the left side opposite the driver's seat, knocking her unconscious and inflicting the injuries for which damages are sued.
Defendant testified that the truck which forced him partially from the pavement was ahead of plaintiff's car one hundred fifty or two hundred yards and that he observed plaintiff's car when it came from behind the rise in the road, a distance of one hundred yards away. He was then partly off the pavement. He further testified, to-wit:
"Q. How fast, then, would you say your car was traveling when your wheel hung on the edge of the pavement, and caused you to turn around twice? A. Must have been 15 or 20 miles an hour; couldn't have been 60, because if it had I would have been rolling yet.
"Q. The maximum of 20, then? A. Yes, that is when I was angling to come back on the road.
"Q. Then, at that speed, your wheel hung under the edge of the pavement, or on the edge of the pavement and caused your car to turn twice, you said, didn't you? Spin around twice? A. I said that shoulder caused the wreck; when it hung it refused to take the angle, when I was turning the wheel; and when the car shoved on, pushed on forward, and when the car took the angle it did pretty quick, which with me pulling the wheel — which you know what driving is — it went quickly to the left; and then the back end came around, and then the front end whipped around, and the back around all the way, — practically zig-zagging, you might say, the way Miss Muse said it. I was traveling; I had applied the brake, and had practically come to a standstill when she struck at an angle from the rear of my car that I was driving."
The surface of the highway and of its shoulders when the accident occurred was dry. There was no occasion on this account for defendant's car to have skidded. When it rested after the impact, it faced southerly, the direction from whence it had come.
It is evident from the movement of defendant's car prior to and immediately after it was partly driven from the pavement, that he was driving at a high rate of speed and that such speed, with little or no abatement, continued until he forced it to "take" the concrete (the level of which was above the surface of the graveled shoulder) and enter upon the pavement. When he did this plaintiff's car was in plain view and was approaching him. All agree that not over two seconds elapsed between the time plaintiff came into view of defendant and the collision. There was very little time to act.
Defendant testified that he is a competent operator of automobiles from many years' experience; that he well understands their mechanical operation and their movements under any and all conditions. This being true, he well knew that when he forced the front wheels of his car upon the pavement at an angle when driving rapidly, as he was doing, it would cross over the lane of travel of plaintiff's car, and that is what happened. It was only forty-five feet from where he regained the pavement to the point of the collision. He was able to bring his car back to his side but in doing so applied the brakes which caused it to zig-zag. In a measure, he lost control, and forceful contact with plaintiff's car resulted. He had ample time and opportunity after getting on the shoulder to have reduced his speed and brought his car under such control that the accident would not have happened. His negligence in the respects mentioned was the sole cause of the collision. Immediately after the collision and at the scene thereof, he assumed responsibility therefor, confessed his own fault as being the cause of it, and authorized repairs at his expense to the car plaintiff was driving. He violated Rule 4 (a), § 3 of the Highway Regulatory Act (No. 286 of 1938) which reads: "* * * it shall be unlawful for any person to drive or operate any motor or other vehicle upon the public roads, highways and bridges of this State at other than a careful, prudent, reasonable and proper speed, having due regard to the traffic, surface and width of the highway, the location and neighborhood, and any other conditions or circumstances then existing, and no person shall, under any circumstances or conditions, drive any vehicle upon the public roads, highways or *Page 279 
bridges of this State, at such a speed as will endanger the life, limb or property of any other person; and, subject to the special provisions and limitations contained in this Act, the person so driving or operating, or causing to be driven or operated, a motor vehicle on such public roads, highways and bridges, shall be held and deemed to be prima facie at fault in and responsible for any accident or damage proximately flowing therefrom or connected therewith, which presumption, however, may be rebutted and overcome by proper showing of the contrary."
In view of the existing conditions and the briefness of time in which plaintiff could act toward preventing the collision, we do not think because she failed to do more than she did convicts her of any sort of negligence. She acted quickly and did that which, under the circumstances, could be expected of her or any person of average intelligence and forethought. It is probable that she could have driven her car a few feet farther on the shoulder but it does not appear that had she done so the accident would have been averted. Faced with imminent danger from the emergency of defendant's creation, in law she will not be held to the exercise of that mature and unerring judgment that would be required and expected of her in meeting and solving problems arising in the normal activities of life.
The established facts are such that the doctrine of the last clear chance has no application.
Concerning the character of plaintiff's injuries, we adopt the findings of the trial judge, thereon, to-wit: "Plaintiff was seriously injured. She was knocked unconscious and did not regain consciousness until after she reached the doctor's office. She had two cuts on her head, one on her forehead, and one on the back of her head, requiring many stitches to close them. The stitches on her forehead had to be removed and replaced three different times. She was on the operating table for some three hours. She had many contusions about her body. Her eyes were closed for a week, and a blood clot settled on her left foot. She was in the hospital for about ten days and lost about 25 pounds in two weeks, and lost three weeks from her work, but returned before she was really able to work, she says, because of the indulgence of her employer. * * *"
In addition to these enumerated injuries, plaintiff was bruised practically over the entire body. She was so sore for several days that she could not raise herself in bed. The blood clot referred to was the result of loss of blood from the trauma. It had to be removed. This necessitated a minor operation which forced her to remain in bed a few days. Luckily, the scar on the forehead is not conspicuous. It may be seen only when one is close to her. To one not knowing of its existence, it would not likely be detected.
The award of damages as determined by the trial judge certainly is not excessive. Defendant does not so contend.
Therefore, for the reasons herein assigned, the judgment appealed from is affirmed. The defendant is condemned to pay all costs.