LOTTINGER, Judge.
The automobile accident which is the basis of this litigation occurred at about *422 12:30 o'clock A.M. on July 6, 1952 on U. S. Highway No. 165 in the City of Kinder, Louisiana. Involved in the collision were the plaintiff, William H. Bran-som, who was driving a 1949 model Dodge sedan, Norman Styles, who is not a party to the suit, who was driving a Plymouth automobile, and the defendant, Clarence Lafargue, who was driving a 1952 Plymouth sedan. It appears that U. S. Highway No. 165 is a paved road which runs north and south through Kinder. Immediately before the accident occurred the Styles automobile was in the process of being turned around or in making a “U” turn. At the time the accident occurred, it was roughly broadside in the highway facing west, with its front either at or slightly across the center line extending into the west lane of traffic. Apparently its lights were burning at the time.
Previous to the occurrence of the accident the plaintiff was proceeding south in the west lane of traffic. Upon approaching the Styles vehicle he brought his car to a complete stop, pulling his car partially off the road with his right wheels on the shoulder. At this time the east lane was com-petely blocked by the Styles car. Plaintiff then shifted his car into first gear and proceeded forward at a rate of about ten miles per hour. Meanwhile, the defendant, who was approaching from the south and who apparently did not see the Styles car until it was too late to stop, swerved to his left in an attempt to pass between the two vehicles and collided with the automobile driven by plaintiff.
The plaintiff seeks the sum of $334 for personal injuries and the amount expended by him for repairs to his vehicle under the deductible provisions of his collision insurance policy. His insurer, The Automobile Insurance Company of Hartford, Connecticut, has joined him in the suit seeking the sum of $224.26 under its subrogation rights.
Immediately following the trial on the merits in the Court below, the trial judge dictated into the record his reasons for judgment, which we herewith set out in full:
“I made extensive notes during the progress of the trial and I have my opinion in this connection pretty well formed.
“First, the accident occurred in the city limits of the town of Kinder, Louisiana, at about 12:15 on the morning of July 6, 1952. It occurred on Highway 165 which was a paved highway; there was no rain or any obstructions on the highway. This highway number 165, although it is in the town of Kinder, is an open highway, and there is no reason to expect anything unusual at that particular point in the city limits of Kinder. There is no question but what the proximate and real cause of this accident is the Styles vehicle which was turning around on the highway at a point where it had no reason to do so and that oncoming traffic would not expect it to turn around at that point. This Styles vehicle, as I understand the evidence, was broad side on Highway 165, blocking the entire east half of highway 165 and a part of the east shoulder of Highway 165 and blocking a little bit of the west half of Highway 165. Now, although the Styles vehicle, as I feel from the evidence introduced this morning, was the proximate cause of this accident, they are not a party to this suit. I have no difficulty in concluding that the defendant was definitely negligent in this case. The defendant is negligent in not seeing the Styles car which was blocking the highway. Of course, they urge the possibility of the headlights blinding the defendant, but even so, according to the defendant’s testimony, he didn’t see this vehicle until he was eighteen or twenty feet away and that would constitute negligence. So the only question, in so far as this particular case is concerned, is the question of whether or not the plaintiff is guilty of contributory negligence.
*423 “Now, the facts as I understand it with regard to the plaintiff’s vehicle is that he saw this Styles vehicle blocking the east part of the highway, and not knowing what the vehicle was going to do, he brought his vehicle to a stop, and stopped some ten feet, approximately, before reaching the Styles vehicle. Then, on concluding that he could go ahead and pass, he proceeded to go around, part on the shoulder, with his two right wheels on the shoulder, but with the bulk of his car on highway 165. As he proceeded to go beyond the Styles vehicle, he then heard some brakes squealing on the pavement, and for the first time saw the defendant’s vehicle approaching. The defendant’s vehicle was heading north on highway 165 and was heading exactly the opposite direction from the plaintiff’s vehicle. There was no reason shown in the evidence in any way, why the plaintiff could not see the defendant’s vehicle as it was approaching. It is my opinion that the plaintiff was negligent in not keeping a proper lookout before going on to pass the Styles vehicle. There is nothing to suggest that the defendant did not have the headlights of his car on. There is certainly no reason why the plaintiff could not have seen the defendant’s vehicle approaching. Now, had the plaintiff seen the defendant’s car approaching, and knowing that the Styles car had the defendant’s traffic lane blocked, the plaintiff could have easily, instead of proceeding along the highway— along the paved concrete, could have taken the shoulder of the road, permitting the defendant to pass. A further ground of negligence is presented in this case in that the defendant’s testimony clearly states that they thought that the plaintiff’s lights were not dimmed. That particular testimony is not contradicted by the plaintiff himself. He has not seen fit at any point to state that his lights were on dim. The evidence is clear. The only question about the lights being on dim arises out of a statement that was taken from the defendant. And the defendant’s testimony and his passenger both indicate that it is their opinion that the plaintiff’s lights were on bright. A further indication that the plaintiff’s lights were on bright is the fact that he did not see the defendant’s vehicle approaching until he heard the brakes. That being the case, he would not have any reason to have his lights on dim. Another indication of negligence on the part of the plaintiff is the fact that he had driven some thousand miles or more without taking the precaution of resting or renting a room to take his rest. He did testify that he slept in his own vehicle some eight to ten hours, but I think that a reasonable person, when driving a distance as far as from Morrisville, Pennsylvania, down to Blinder, Louisiana, would certainly expect to have to take some rest stops. The fact that he did not contributes to the items which I have already explained as my opinion for saying that the plaintiff was negligent.
“So, gentlemen, it is my finding that, although the defendant was negligent, the plaintiff was contributorily negligent and, therefore, I must reject the demands of the plaintiff.”
The findings of fact by the trial judge as set out above are amply supported by the record with the exception of his statement to the effect that the plaintiff did not attempt to contradict testimony to the effect that his lights were not dimmed. Indeed, quite the reverse is true, for the plaintiff very definitely stated that his “lights were on dim.”
While, with the one exception mentioned above, we believe that the trial judge’s factual conclusions are correct, we feel that he was in error in holding the plaintiff to be guilty of contributory negligence under the circumstances. In the first place, the law is clear that contributory negligence, being a special defense, must be proven by the defendant, and this, we *424 believe, he has failed to do. Under our appreciation of the testimony, it has not been proven that the plaintiff had his headlights on and, as mentioned above, the trial judge overlooked entirely his positive testimony in this regard. Furthermore, while it may be true that he did not observe the defendant’s vehicle approaching, we cannot see from the record as made up, what difference there would have been had he seen it.
The law is well settled that the plaintiff had a right to assume that the defendant would obey the rules of the road and stay on his proper side. See Teche Lines, Inc., v. Gorum, 202 La. 993, 13 So.2d 291 and Waguespack v. Savarese, La.App., 12 So.2d 726. This being the case, even had he seen the defendant approaching from quite a distance, he would be entitled to presume that he would remain on his side of the road. In addition, as we appreciate the record, the defendant has failed to prove what the situation would have been or that the accident would have been avoided, had the plaintiff seen him approaching.
The last charge of negligence made by the trial judge was levelled at the fact that the plaintiff had driven a long distance without stopping at a hotel or tourist cabin to sleep. While this may not have been the most prudent manner in which to make the trip, we can find nothing in the record which would show that the plaintiff was not in possession of all of his faculties or that any loss of sleep on his part was a proximate cause of the accident.
It is clear from the record that The Automobile Insurance Company of Hartford expended $224.26 in repairs to plaintiff’s automobile and this they are entitled to recover. The plaintiff is entitled to recover the $50 he expended under the deductible provisions of the policy. Also, he is entitled to medical expenses in the amount of $74. It is shown that the plaintiff’s arm was injured and that he was disabled for some months. His injury was not permanent, however, and he had recovered by the date of trial. Under these circumstances, we believe his claim for $200 for pain and suffering and temporary disability to be reasonable.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of The Automobile Insurance Company of Hartford, Connecticut in the sum of $224.26 and in favor of William H. Bransom in the sum of $324, both with legal interest from date of judicial demand until paid and for all costs.
Judgment reversed.