**Allan R. CHAUVIN, Plaintiff,**

v.

**The EMPLOYERS LIABILITY ASSURANCE CORPORATION, Limited,
Defendant.**

**Civ. A. No. 4624.**

United States District Court
E. D. Louisiana, New Orleans Division.

March 13, 1956.

James P. Vial, Hahnville, Chehardy & Werhan, John C. Werhan, New Orleans, La., for plaintiff.

Miazza & Drury, James H. Drury, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

The accident which is the basis of this claim in damages for personal injuries occurred when the car in which plaintiff was riding veered sharply, out of control, across the highway, and into the path of a car being driven in the opposite direction. Plaintiff, an automobile salesman for the Reed Motor Company, was at-

tempting to sell the car to one Jerry Templet, who was driving it at the time of the accident. This action is brought under the Louisiana Direct Action Statute [1] against the insurer of the other car.

Plaintiff's car was traveling south on U. S. Highway 29, a two-lane concrete slab approximately 18 feet in width, at a speed of approximately 40 miles per hour. The driver of the car, Templet, had allowed it to drift over on the right shoulder while plaintiff Chauvin was demonstrating its overdrive mechanism. In attempting to get back on the highway, the car went out of control when the right front wheel struck a deep rut in the shoulder flush against the concrete slab. The car proceeded across the highway on a 45° angle and struck the car being driven by defendant's assured, Mrs. Trail, who was killed in the accident.

It is admitted that the accident happened on Mrs. Trail's side of the highway. The only contention made by the plaintiff is that Mrs. Trail should have seen the Templet car out of control in time to have avoided the accident. Plaintiff suggests that Mrs. Trail was exceeding the speed limit of 60 miles per hour [2] prior to the accident and that, therefore, she was unable to avoid striking the out-of-control Templet car on her side of the highway by the exercise of reasonable care. The only support in the evidence for this suggestion is the testimony of the occupants of a car, moving in the same direction as the Trail car, who testified that an automobile, being driven at a high rate of speed by a woman, passed them a short time before the accident. These witnesses did not see the accident, nor do they identify the Trail car as the one which had passed them prior thereto. The surviving occupant of the Trail car testified, convincingly and credibly, that Mrs. Trail had not driven more than 50 miles per hour at any time during their trip, nor was she at the time of the accident driving in excess of that speed.

The accident in suit resulted from the negligence of the driver of the plaintiff car, Templet, in allowing his car to go out of control in attempting to get back on the highway. The skid marks left by the Templet car as it crossed the highway, out of control at 40 miles per hour, showed that it moved to its left on a 45° angle into the traffic lane of the Trail car. Under those circumstances, Mrs. Trail had no opportunity whatever to avoid the accident.

■ Plaintiff cites cases suggesting that when a car is out of control, there arises a duty on the part of an oncoming motorist to avoid the accident, if he can.[3] That is a correct statement of the law. But before liability can be imposed on the motorist, it must be clearly shown that she could have, by the exercise of reasonable care, avoided the accident.[4] It is not enough merely to put the motorist in a perilous position and then second-guess her actions in the emergency. Even where it could be shown, mathematically or otherwise, that the accident was avoidable, where the motorist faced with the emergency acted reasonably, though unsuccessfully, in her effort to avoid the accident, neither she, nor her insurer, can be mulcted in damages because of an emergency she had no part in creating.[5]

Judgment for defendant.

1. LSA–R.S. 22:655.

2. LSA–R.S. 32:223.

3. Muse v. Chambley, La.App., 16 So.2d 276; Houston Oil Field Material Co. v. Marlow, La.App., 6 So.2d 149; Williams v. Brown, La.App., 181 So. 679.

4. See Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4; Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153.

5. Teche Lines v. Gorum, 202 La. 993, 13 So.2d 291; Peltier v. Travelers Ins. Co., La.App., 49 So.2d 346; Dunaway v. Cade, La.App., 39 So.2d 148; Goff v. Sinclair Refining Co., La.App., 162 So. 452.