137 So.2d 463 (1962)
Mabel JOHNSON, Plaintiff-Appellee,
v.
SHREVEPORT TRANSIT COMPANY, Inc., et al., Defendants-Appellants.
No. 9660.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1962.
*464 Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for Shreveport Transit Company, Inc.
Cook, Clark, Egan, Yancey & King, Shreveport, for Aetna Cas. & Surety Co. and W. D. Mabry, Sr.
Dixon & Malsch, Shreveport, for plaintiff, appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
Mabel Johnson has brought this suit for personal injuries against Shreveport Transit Company, Inc., W. D. Mabry, Sr., and the latter's insurer, Aetna Casualty & Surety Company, for injuries sustained by her while a passenger on a bus operated by the Shreveport Transit Company, Inc. Following trial the judge a quo rendered judgment holding all defendants liable and awarding damages totaling $702.00. From this judgment all defendants have appealed.
The accident occurred after appellee boarded a Shreveport Transit Company bus on April 28, 1960, at approximately 5:10 P. M., at its regular bus stop thirty-five feet north of the intersection of Jewella Road and Milton Street, in Shreveport. After paying her fare she walked toward the rear of the bus as it began to move southward in the outside or curb lane for southbound traffic on Jewella Road. When the bus had moved forward some thirty to thirty-five feet, it arrived at the intersection of Jewella Road and Milton Street and was traveling eight or nine miles per hour. When it had reached this position a truck owned by W. D. Mabry, Sr. and operated by his employee, A. M. Thomas, began a left turning movement from the inside lane for northbound traffic on Jewella Road, it being the intention of Thomas to cross the two southbound traffic lanes of Jewella Road and enter Milton Street. As a collision between the two vehicles seemed imminent both drivers applied their brakes and stopped abruptly within a foot or so apart. It was due to the sudden stopping of the bus that the two drivers avoided a collision. Mabel Johnson fell and received the injuries which form the basis of this suit.
In resolving liability against all defendants the trial judge concluded both drivers were at fault, Thomas, the truck driver, in attempting to execute a left turn when it was not safe to do so, and Alexander, the driver of the bus, in failing to make timely observation of the maneuver of the truck.
Counsel for the transit company does not deny the occurrence of appellee's fall, nor question the amount of damages awarded, but earnestly asserts the trial court erred in finding Alexander was guilty of negligence. It is argued that the acts of Alexander did not negligently contribute to the emergency and, therefore, the Shreveport Transit Company, Inc. should not be held to respond in damages. Appellants, Mabry and his insurer, charge that error was committed by the trial judge by his failure to hold the transit company solely responsible for the injuries sustained, and alternatively, they also contend that appellee is a married woman, and, therefore, is not entitled to recover for loss of wages and medical expenses; and further that the *465 trial court should not have allowed appellee loss of wages for more than two weeks.
Our courts have uniformly recognized the rule that where a passenger is injured in an accident, the cause of which the passenger can know nothing about, the burden is on the carrier to prove itself free from fault, and, where the cause is claimed to be a sudden emergency created entirely by some third person, the carrier is under the necessity, if it would absolve itself from liability, of showing that neither it nor any of its employees was in any way involved in the creation of the emergency and also that the operators of the vehicle in which the passenger was riding did all that they could (even though it was not the best thing) to prevent the accident. Gonzales v. Toye Bros. Yellow Cab Company, 198 So. 379, 381 (Orl.App.1940). Similarly the rule is stated in 5 Am.Jur. 600, § 171:
"An automobile driver who, by the negligence of another and not by his own negligence, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice and one that would have been required in the exercise of ordinary care, but for the emergency." Followed in Teche Lines v. Gorum, 202 La. 993, 13 So.2d 291, 293, (1943).
Although there is some conflict in the testimony of Thomas and Alexander as to whether or not the bus driver was alert and making proper observation immediately prior to his emergency stop, we find the preponderance of the evidence to be that the bus driver was alert and observed the truck driven by Thomas at the instant it began its left turn maneuver. Corroboration of Alexander's testimony is to be found in his prompt action by which the bus was brought to a stop within twenty feet, and also in the testimony of several passengers on the bus. The accident, in our opinion, is plainly shown to have been due to the failure of Thomas to yield the forward progress of the truck. The facts clearly disclose that the bus was moving at a speed of eight or nine miles per hour when Thomas undertook his turning movement, which, if continued, would have carried him directly across the path of the bus. Manifestly, he intended to try to cross the west lane of Jewella Road ahead of the bus. In attempting this crossing he violated the legal injunction against such action unless he could complete the maneuver in safety. We hold, therefore, that the cause of the sudden stop by the bus was the emergency which was created when Thomas attempted to cross the path of the bus. Alexander and several passengers on the bus testified that the bus was stopped without unnecessary abruptness and unquestionably the prompt action by the bus driver avoided a collision between the two vehicles. These circumstances satisfy us that the bus driver acted with caution and prudence and should not be charged with any degree of fault or negligence in bringing his bus to the emergency stop.
The sole proximate cause of the accident, in our opinion, was the act of Thomas in attempting a left turn through the intersection without ascertaining that he could safely do so. Zurich Fire Insurance Company of New York v. Thomas, La. App., 49 So.2d 460 (2d Cir.1950); Ruple v. Travelers Indemnity Company, La.App., 129 So.2d 240 (2d Cir.1961). The burden rests heavily upon the driver who is making a left turn to explain why the accident occurred and his freedom from actionable negligence. Washington Fire & Marine Insurance Company v. Firemen's Insurance Company, 232 La. 379, 94 So.2d 295 (1957).
It is contended by counsel for Mabry and Aetna Casualty & Surety Company that appellee, being a married woman, is without right to bring an action for the recovery of medical expenses and for loss *466 of wages. The facts herein are uncontroverted and disclose that claimant and her husband have lived separate and apart for many years, during which time she has lived upon her earnings as a house maid. These earnings must be considered her separate and paraphernal funds. LSA-C.C. art. 2334. While it is true that property purchased and debts incurred during the marriage ordinarily create a conclusive presumption that such property is community, the wife may overcome this presumption by clear and positive proof that the purchase price was paid with her paraphernal funds and that these funds were administered and invested by her. Cameron v. Rowland, 215 La. 177, 40 So.2d 1 (1949); Succession of Schnitter, 220 La. 323, 56 So.2d 563 (1952); Succession of Blades, La.App., 127 So.2d 263, 265, (4th Cir.1961). Our conclusion is, therefore, that plaintiff's earnings were her separate property and that her medical expenses were paid from her separate earnings. She has the right to recover these items as her separate property.
There is merit to appellants' argument that plaintiff is entitled to recover for loss of wages for a period of only two weeks, rather than six weeks as allowed by the district court. Dr. Ernest B. Flake, the treating physician of plaintiff, testified that by reason of her fall appellee sustained bruises and soreness which injuries were not of a serious nature, and that following medication the plaintiff was able to resume her employment as a house maid without serious discomfort, after May 10, 1960. Accordingly, appellee's recovery of wages should be reduced from One Hundred Fifty ($150.00) Dollars to Fifty ($50.00) Dollars. We find that the award of Five Hundred ($500.00) Dollars for pain and for suffering is not excessive.
Accordingly, for the reasons hereinabove set forth, the judgment insofar as it affects the Shreveport Transit Company, Inc., is reversed, annulled and set aside, and it is ordered that plaintiff's demands against the Shreveport Transit Company, Inc., be dismissed at plaintiff's cost.
It is further ordered that the judgment in favor of Mabel Johnson against W. D. Mabry, Sr. and Aetna Casualty & Surety Company be amended by reducing the allowance for loss of wages from One Hundred Fifty ($150.00) Dollars to Fifty ($50.00) Dollars, and as so amended, the judgment from which appealed is affirmed in all other respects. Appellants W. D. Mabry, Sr. and Aetna Casualty & Surety Company are taxed with costs, including costs of the appeal.