No. 9299.
Orleans Appeal.

---

ADELE FREEMAN v. NEW ORLEANS PUBLIC SERVICE INC., Appellant.

---

(February 16, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 38.

A street railway company which permits passengers to disembark or orders them to do so at a point other than the usual stopping place where the distance from the car step to the ground is some four or five inches greater than at the usual stopping place is not guilty of negligence in this regard when the evidence shows the landing place to be level ground and otherwise reasonably safe.
(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court, Parish of Orleans, Hon. Wm. H. Byrnes, Jr., Judge.

This is a damage suit for personal injuries.

Judgment for plaintiff. Defendant appealed.

Judgment reversed.

Geo. J. Untereiner, attorney for plaintiff and appellee.

Dart, Kernan & Dart, attorneys for defendant and appellant.

WESTERFIELD, J. The plaintiff fell and was injured in stepping from a street car operated by the defendant company. She sues for damages.

It is alleged that on March 25, 1922, plaintiff was a passenger on a South Claiborne car and that when the car approached its terminus at Carrollton Ave. and S. Claiborne Street, it stopped some distance from the usual stopping place where passengers are accustomed to alight and plaintiff and other passengers were ordered by the conductor to get off the car; that the place where plaintiff was compelled to alight was not prepared for passengers and the step of the car was unusually high from the ground and this circumstance caused her to fall, with the result that she was injured in the manner set out in the petition. The defendant denied all charges of negligence and imputed plaintiff's injuries to her own carelessness.

There was judgment below in plaintiff's favor for Six Hundred Dollars and defendant has appealed.

The facts as shown by the record are as follows:

At the time of the accident the car in which plaintiff was a passenger was stopped about 120 feet from the terminus because of the fact that there was another car ahead of it at the end of the line about to be switched over to the return track.

When the car stopped the conductor announced that it had reached its destination and ordered the passengers to disembark. This is disputed by the conductor but established by a great preponderance of the evidence. The passengers filed out the front end of the car and stepped off, all escaping injury except plaintiff. The bottom step of the car was some four or five inches higher from the ground than the step would have been if the car had discharged its passengers at the usual stopping place at the end of the line but the ground itself was level. Counsel for plaintiff strenuously argued to the contrary and stated that four witnesses had testified to the effect that the cross ties upon which the tracks were laid were elevated some four or five inches above the ground level but upon examination of the record we find that the plaintiff herself is the only witness to so testify and that several other witnesses offered by plaintiff were not questioned in this regard. On the other hand

two of defendant's witnesses positively state that the ground was level with the cross ties, the spaces between the cross ties being filled with cinders.

It was drizzling rain at the time and dark but the headlight of the car in the switch illumined the ground to some extent and the lights in the car from which plaintiff alighted were burning.

Under the circumstances of this case did the defendant carrier fail in its duty to provide a safe landing place for its passenger, the plaintiff, is the question we are called upon to decide.

It was not the usual landing place and a longer step was necessary in order to alight from the car, but neither circumstance constitutes negligence on defendant's part. In Clogher vs. N. O. Railway & Light Co., 143 La. 85, 78 South. 247, the Supreme Court said:

"Were plaintiff to succeed the doctrine of the case would have to be that, for a street car company to stop its car either short of, or beyond, the regular place is negligence, unless the footing of the place where the car is stopped happens to be precisely similar to that at the regular stopping place. The practical operation of such a rule would be to necessitate the marking of the space constituting the regular stopping place, and to preclude the stopping elsewhere, unless the car company choose voluntarily to incur the risk of a lawsuit. A tardy signal for stopping would have to pass unheeded, with the consequence that many a passenger would be carried beyond his station. On days of rain and slippery tracks the car would have to approach a stopping place gingerly, with bated breath, as it were, lest it be not precise in making the stop. Perhaps such a rule would suit the car company, but certainly not the traveling public.

*       *       *       *       *       *

"At the place where the car stopped the step of the car was 15½ or 16 inches above the roadway accordingly as the stop was made 15 or 20 feet from the regular stopping place; and hence all plaintiff would have had to do would have been to extend her foot seven inches out and step down 15½ or 16 inches while holding on to a handle bar. We think such a place was reasonably safe."

It is true that in the case at bar the plaintiff alighted after dark, whereas in the Clogher case it was daylight and that it was raining. It is also true that the plaintiff in the Clogher case voluntarily left the car, while in this case plaintiff was ordered or requested to get out; but we are satisfied that there was enough artificial light to enable plaintiff to see what she was doing and the rain did not affect the situation since there is no claim that landing place was wet and slippery or that plaintiff slipped upon alighting from the car. It makes no difference whether a passenger voluntarily alights or is requested by the conductor to do so, for the obligation of the carrier is to provide a safe landing in either case. Of course, no reference is made to passengers jumping from moving cars or alighting when warned by the conductor of the danger in doing so.

We cannot distinguish this case in principle from the case of Clogher vs. N. O. Ry. & Light Co., heretofore referred to.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's demand with costs.