DURIEU v. NEW ORLEANS PUBLIC SERVICE, INC.

(November 14, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 38, 43.**
   Carriers must provide reasonably safe landing places in discharging passengers. But the fact that the surface of the pavement is uneven and there are cracks in the pavement does not in itself establish the carrier's negligence.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Mrs. Emile Durieu against New Orleans Public Service Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Quintero & Quintero, of New Orleans, attorneys for plaintiff, appellant.

Dart & Dart, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. The plaintiff sues for damages for physical injuries alleged to have been caused by a fall while alighting from a street car, operated by the defendant company, due to a hole in the pavement.

There is no question of the defendant's responsibility under the allegations of the petition. That carriers must provide a reasonably safe landing place in discharging passengers is beyond controversy. The sole question is whether the plaintiff's allegations have been established by the evidence.

The neutral ground on Canal street, the locus in quo, is proven to have been for a considerable period of time under repair. The surface was in spots uneven and there were cracks. The weight of the evidence, however, is to the effect that there was no particular hazard in walking over the pavement which was in constant use by the defendant's passengers. The only testimony tending to prove that there was a hole was given by plaintiff herself who states that it was six inches deep. Another witness, a disinterested witness, gives the depth of the spot called a hole as one-half inch and its length one foot. We are unable to find from the evidence in the record that the pavement at the point where plaintiff alighted was unsafe, particularly since the judge, a quo, found for the defendant. We think this case well within the familiar rule concerning the finding of facts by the trial court.

The judgment appealed from is affirmed.