WAGNER v. N. O. PUB. SERVICE, INC.

(January 21, 1929. Opinion and Decree.)

Emile Pomes, Chas. J. McCabe, and G. Montgomery, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittridge, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff, a woman, five feet and seven inches in height, and weighing about 250 pounds, was a passenger on one of defendant's cars.

In alighting from the car or just after alighting she fell and sustained rather serious injuries to her leg and body.

She claims that there was a hole or depression at the point at which she alighted and that she stepped into this hole and this caused her to fall. According to her testimony the hole was partially concealed from her view by the step of the car.

There is some conflict in the evidence as to whether the car had stopped at the usual point or had gone a short distance beyond it. We cannot see that it is necessary for us to settle this conflict because in either case if there was in fact a dangerous hole at the point at which the car stopped, whether in its usual place or elsewhere, defendant would be liable for any injuries sustained by the alighting passenger. A railroad or street car company is responsible to a passenger for its failure to furnish a safe place to disembark or for stopping its car and allowing or inviting a passenger to disembark at an unsafe place.

We are entirely unable, however, to agree with plaintiff that the point at which she was invited to disembark was unsafe. The evidence, and particularly the pictures of the street, convince us that the place at which the car stopped was reasonably safe and that any ordinarily prudent person could have alighted there with absolute safety. Plaintiff is an unusually stout person and was wearing shoes with very high heels, and it seems not at all improbable that there was some causal connection between her fall and these high-heeled shoes.

In any event the street on which plaintiff alighted is as good as is ordinarily found and was certainly sufficiently safe to relieve defendant of responsibility. A railroad company is not liable to furnish a concrete pavement, or a wooden platform,

but only such an alighting point as is safe for the ordinarily prudent person. Freeman vs. N. O. Public Service Inc., 1 La. App. 600.

In Clogher vs. N. O. Railway & Light Co., 143 La. 85, 78 So. 247, the Supreme Court dealt with a situation strikingly similar to that set forth here and in that case held the defendant not liable.

For these reasons, the judgment appealed from is affirmed.