## CAMPBELL v. N. O. PUBLIC SERVICE, INC.

(March 23, 1931. Opinion and Decree.)

Arthur B. Leopold and Gerald Netter, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff, who had been a passenger on one of defendant's street cars, fell on alighting therefrom, and now claims reimbursement for injuries sustained, contending that her fall was caused by a hole in the ground, into which she placed her foot as she descended from the step of the car, and that defendant failed to furnish her a safe place to disembark.

Defendant denies that it is liable for the damage sustained, admitting that there was a slight depression in the ground at or near the point at which plaintiff alighted, but maintaining that such a depression did not and could not cause a fall to a person using ordinary prudence in stepping to the ground from the step of the car.

It is conceded by counsel for both parties that the car had not reached the regular place intended for passengers for use in boarding and alighting, but it is also agreed that the point at which plaintiff left the car had, by custom, been adopted to a considerable extent by the crews of the

street cars and by passengers, and was, in fact, used quite as frequently as was the regularly provided place.

It is also conceded that plaintiff herself had, on many occasions, alighted at or very near the same spot, and it appears that no accident had theretofore taken place and that none has occurred there since, and the evidence shows that no repairs or changes have been made.

Various persons who examined the depression testified with regard to the extent thereof, and we are satisfied that it was approximately twenty-four inches by thirty inches in area, and that it sloped from the edges, which were level with the ground, to a maximum depth of less than two inches in the center.

It also appears that, in alighting from the car, plaintiff, though she was nearly sixty years of age, did so without making use of the handholds and rods provided for that purpose. This, in itself, was carelessness on her part.

There is some conflict in the evidence as to whether plaintiff was requested by the motorman to alight at the point in question, or was merely permitted to do so. It is not necessary to decide just what is the truth in this regard, because, if the place at which a passenger alights is unsafe, the carrier is liable for resulting injuries sustained, regardless of whether the passenger was forced to disembark at that particular point, or was merely permitted to do so, and this is true whether the spot elected is the usual stopping place or not. As we said in Wagner v. N. O. Public Service, Inc., 9 La. App. 699, 120 So. 72:

"There is some conflict in the evidence as to whether the car had stopped at the usual point or had gone a short distance beyond it. We cannot see that it is necessary for us to settle this conflict, because in either case, if there was in fact a dangerous hole at the point at which the car stopped, whether in its usual place or elsewhere, defendant would be liable for any injuries sustained by the alighting passenger. A railroad or street car company is responsible to a passenger for its failure to furnish a safe place to disembark or for stopping its car and allowing or inviting a passenger to disembark at an unsafe place."

But, whether the spot at which the plaintiff alighted was usually used, and regardless of whether she was forced by the crew to disembark at that point, or was merely permitted to do so, we are of the opinion that that spot was not unsafe.

The evidence—and particularly the photographs which we find in the record—convince us that the point at which the car stopped was reasonably safe, and that an ordinarily prudent person could have alighted without danger, as had innumerable others on prior occasions, and as have many others since. In fact, at the identical spot and only a few seconds before plaintiff, another passenger is shown to have stepped off the car without falling and without inconvenience. Since the place provided was reasonably safe, the carrier is not liable.

"It is not negligence for a street car company to stop its car either short of or beyond the regular stopping place, although the place where the car is stopped is not precisely similar to that at the regular stopping place." Clogher v. N. O. Railway & Light Co., 143 La. 85, 78 So. 247.

"Street car company held not liable to passenger falling and sustaining injuries when alighting at point safe for ordinarily prudent person." Wagner v. N. O. Public Service, Inc., supra.

See, also, Carroll v. N. O. Railway & Light Co. et al., 132 La. 683, 61 So. 752; Gaisser v. N. O. Public Service, Inc., 6 La. App. 139; Durieu v. N. O. Public Service, Inc., 7 La. App. 276.

Our brother below was correct in dismissing this suit.

The judgment appealed from is affirmed.