51 So.2d 845 (1951)
HOPPER
v.
SHREVEPORT RYS. CO.
No. 7645.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1951.
Rehearing Denied April 27, 1951.
Bryan E. Bush and Wells & Pugh, all of Shreveport, for appellant.
Freyer, Goode, Nelson & Freyer, Shreveport, for appellee.
HARDY, Judge.
This is a suit for damages resulting from personal injuries claimed to have been sustained by plaintiff while a paying passenger on one of defendant's trolley busses. After trial there was judgment in favor of defendant rejecting plaintiff's demands, from which plaintiff has appealed.
On the afternoon of September 17, 1949, plaintiff boarded, in the downtown section of the City of Shreveport, one of defendant's trolley busses, operating on what is known as the Cedar Grove line, paying her fare as she entered the bus, and seating *846 herself in the first seat on the left hand side facing the front of the bus.
As the bus proceeded south on Southern Avenue and approached the driveway entrance of the Uncle Joe Bottling Company situated on the west side of said street, the bus driver noted the presence of a pickup truck which had come to a stop at or near the center of the street on the east side thereof, preparatory to turning left into the driveway of the bottling company's premises. Concededly the driver of the truck was waiting for the passage of the bus before completing his turn. While so stopped, and as the bus was approaching, another vehicle proceeding north on Southern Avenue crashed into the rear end of the halted truck. The force of the impact, as may best be concluded from the testimony, threw the front wheels of the truck slightly across the approximate center of the street. Perceiving the occurrence of the related incident the driver of defendant's bus swerved his vehicle sharply to the right, and suddenly and sharply applied his brakes, which latter action threw plaintiff to the floor of the bus, inflicting the injuries for which redress is here sought.
The weather at the time was clear and dry. There was no traffic congestion in the vicinity and there were no cars parked at the curb on either side of Southern Avenue. It is quite conclusively established and admitted by the driver of the bus that he had more than ample room, by swerving slightly to the right, to avoid any possibility of collision with the truck in the center of the street. Indeed, it is established that by his action in swerving his bus the driver easily avoided a collision.
Plaintiff was not thrown from her seat by the swerve of the bus in which she was riding but she was precipitated to the floor as the result of the driver's urgent application of brakes, by reason of which he brought the bus sharply to a stop within one or two car lengths past the bottling company's driveway.
There is no question as to the law involved in the instant case. Plaintiff having shown an accident and injury while a paying passenger on defendant's public carrier bus, accompanied by the establishment of facts sufficient to show some negligence, has charged defendant with the burden of exonerating itself from the imputation of actionable negligence.
As we appreciate the facts of the case, it is necessary to determine whether the action of the operator of the bus in making violent application of his brakes constituted negligence or a mere error or mistake of judgment. Analysis of the testimony convinces us that there was not the slightest necessity for an abrupt braking of the trolley bus. It is clear that by swerving to the right the driver avoided any possibility of a collision and the bus could have been brought to a gradual stop without endangering its passengers. It is evident from the testimony of the bus driver that he had a clear and comprehensive view of the developing situation and, in consideration of the lack of traffic or any obstruction, the incident did not constitute the development of an emergency of such degree and nature as justified his action in violently applying the brakes. Although the speed of the bus at the time of the accident was not fixed with any degree of certainty, we think the preponderance of the evidence indicates that it was traveling in the neighborhood of some 35 to 40 miles per hour. It is further shown that the bus driver did not slacken his speed despite the fact that he saw the danger as he approached.
It is established beyond question that a common carrier of passengers in this State is required to exercise the highest degree of care. Hughes v. Baton Rouge Electric Co., La.App., 188 So. 473; Oppenheim v. Toye Bros. Yellow Cab Co., La.App., 7 So.2d 420; Brown v. Homer-Doyline Bus Lines, La.App., 23 So.2d 348, 351.
As we pointed out in the case last above cited: "Under this rule of `highest degree of care' the commission of any act of negligence which contributes to accidental injury to a passenger, or the omission of any act of prudence, care or caution which might have resulted in avoiding the infliction of injury upon a passenger, *847 subjects the carrier to liability in damages." (Emphasis by the Court.)
It is thus to be concluded under the facts of the instant case, even conceding the absence of the active commission of an act of negligence, that defendant's driver must be held liable for the omission of the exercise of that care, caution or prudence which is required. For these reasons we think plaintiff has satisfactorily established her right to recovery.
Proceeding to a consideration of the quantum, we find that plaintiff sustained bruises, particularly of the shoulder and right leg, and a severe blow on the head. As a result she was confined to her bed for some three weeks and suffered considerable pain and discomfort for a period of months. Upon trial of the case, more than a year subsequent to the accident, plaintiff's doctor testified that a knot or bump on the head was still perceptible. Plaintiff's actual damages, medical and other necessary expenditures, are established in approximately the sum of $115.00, which is the amount claimed in her petition for such items. Additionally, plaintiff prayed for the recovery of the total amount of $3,000.00, itemized as being for pain and suffering, shock and mental anguish, injury to her nervous system, and permanent injury to her right forehead.
We do not think plaintiff has established injuries of such nature and degree as would justify the award of the amount claimed. Doubtless plaintiff suffered considerable pain and discomfort over a period of time with attendant symptoms of nervousness and shock. But we think an award of $1,000.00, together with expenses, should be ample compensation.
For the reasons assigned the judgment appealed from is reversed and set aside, and there is now judgment in favor of the plaintiff, Mrs. Bessie Hopper, and against the defendant, Shreveport Railways Company, in the sum of One Thousand One Hundred and Fifteen and no/100 ($1,115.00) Dollars, with legal interests from date of judicial demand until paid, together with all costs.