SAMUEL, Judge.
This is.a suit for damages resulting from personal injuries sustained by plaintiff in an intersectional collision between a motorcycle and a taxicab. Defendants, the cab driver and his insurer, answered pleading absence of negligence on their part, negligence of the plaintiff as the sole cause of the accident, and alternatively, contributory negligence on the part of the plaintiff. The collision having occurred while plaintiff was engaged in the course and scope of his employment, the compensation insurance carrier of plaintiff’s employer intervened to recover out of any amount which plaintiff received in the suit, the compensation and medical expenses it had paid under its policy.
The trial court specifically found as a fact that plaintiff ran a red traffic light and his negligence was the sole proximate cause of the accident and that the defendant driver was free from any negligence. There was judgment in favor of defendants dismissing plaintiff’s demand and plaintiff has appealed. The intervening compensation insurance carrier has not appealed.
The record reveals that the accident occurred on April 2, 1958, at about 5:00 p. m., in the intersection of North Rampart and St. Louis Streets in the City of New Orleans. North Rampart, which runs between Canal Street and the Industrial Canal (roughly north and south), consisted of two roadways, divided by a narrow neutral ground, each roadway containing two lanes for moving traffic. St. Louis is a one-way street running from the river toward the lake (roughly east to west), accommodating two moving lanes of traffic. The intersection is controlled by a traffic light or lights. Plaintiff was riding a motorcycle on North Rampart toward Canal Street and the defendant driver of the taxicab was proceeding on St. Louis toward the lake.
The only testimony in the record regarding the occurrence of the accident is that of the litigants and two other eyewitnesses, each side calling one of the latter.
The plaintiff testified that he was traveling at a speed of about 25 miles per hour as he approached the intersection. He first saw the cab when his motorcycle was 50 or 60 feet from the intersection and the cab was on St. Louis about 50 feet away from North Rampart. The traffic signal had just changed and plaintiff had a green light. An automobile, traveling on St. Louis across North Rampart, had pulled into the neutral ground area of the intersection and stopped there. At that time the motorcycle was about 15 feet away from the intersection. The cab drove behind the stopped automobile and swerved to its left around that car. Plaintiff heard tires screeching and expected the cab to stop but the latter continued into his, plaintiff’s lane of travel and the front bumper and grille of the cab struck the extreme left rear end of the motorcycle.
Plaintiff’s witness, Roy Cooper, testified that on the day the accident occurred he had worked at a service station located on the uptown lake side of the intersection. He had just left work and was standing on *355 the corner waiting to cross North Rampart. Generally he corroborated the testimony of the plaintiff. However, some portions of his testimony cast doubt upon his veracity, including his testimony on cross examination that the accident happened on a Saturday and that it would have had to happen on a weekend because he worked at the service station only on weekends. April 2,1958, was a Wednesday.
The defendant taxicab driver testified that his cab was stopped on St. Louis at the intersection next to and abreast of another automobile with both drivers waiting for the light to change. When the light changed to green in their favor both vehicles proceeded to cross the intersection. The automobile was to the right of this witness (thus the automobile was on the side closer to the approaching plaintiff). As he approached the neutral ground this defendant saw the motorcycle for the first time when it was about 25 or 30 feet from the intersection. He expected the motorcycle to stop in response to the signal light but when it kept coming at a speed of about 40 to 45 miles per hour both he and the driver of the car next to him applied their brakes. The automobile stopped about even with the neutral ground so that its front did not protrude into the roadway occupied by the plaintiff. But the cab went two or three feet further into that roadway and hit, or was hit, by the motorcycle.
Plaintiff’s witness, Wayne J. Bienvenu, a college student at the time of the accident and a Lieutenant in the Marine Corps at the time of the trial, was the driver of the automobile which started to cross the intersection with the cab. His testimony generally corroborated that of the defendant cab driver and there was complete corroboration on all important issues.
On questions of fact involving the credibility of witnesses the trial judge will be revel sed only for manifest error. See 2A La.D. 401, Appeal & Error, 45=1008(1).
In the instant case not only is there no manifest error in the finding of fact by the trial court, but, in addition, we agree with that finding.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.