144 So.2d 448 (1962)
Sally COX
v.
TOYE BROS. YELLOW CAB CO.
No. 370.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
*449 Roger H. Fellom and Herbert Beal, New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Gerald J. Gallinghouse, Lansing L. Mitchell and Frederick Bott, New Orleans, for defendant-appellee.
Before AYRES, DAWKINS and ALLEN, JJ.
JAMES R. DAWKINS, Judge ad hoc.
Sally Cox, a resident of New Orleans, Louisiana, filed suit against Toye Brothers Yellow Cab Company to recover damages as a result of injuries received by the plaintiff in an accident which occurred on June 20, 1959. The plaintiff alleged that she was a passenger in a cab owned by the defendant, who was engaged in business as a common carrier; that upon reaching her destination at 2522 Myrtle Street, the driver failed in his duty to provide her with a safe place to be discharged, in that he negligently stopped his cab along side of and within a few inches of a drainage ditch; that in attempting to alight from the cab in the darkness, she fell into said drainage ditch, causing the injuries hereinafter described, to her left foot and ankle.
She alleged in her petition that the cab driver was negligent in not stopping in a place where the plaintiff could alight with safety; in not warning the plaintiff of the hazardous condition; failing to open the door or otherwise assist her in alighting and in crossing said ditch; and in failing to provide adequate lighting.
The defendant answered the demands of the plaintiff admitting that its agent was the driver of its cab on the night of June 20, 1959, but denied any negligence on his part. It alleged that the fall of the plaintiff was due entirely to her own negligence in failing to keep a proper lookout; in walking into the ditch or uncovered portion of the street, the condition of which she knew or should have known; and in failing to use care and caution for her own safety. The defendant thus denied any negligence on its part and in the alternative pleaded contributory negligence on the part of the plaintiff as a bar to her claim.
Before the trial, the parties agreed that the medical expenses incurred by the plaintiff as a result of the accident on June 20, 1959, were in the sum of $354.00, thus eliminating the necessity of any proof as to this item of damages.
The case was tried before a jury, and after hearing the evidence, the jury returned a verdict in favor of the plaintiff and awarded damages to her for personal injuries in the sum of $1200.00 plus the additional sum of $354.00 for medical expenses, and the sum of $500.00 for loss of earnings. Judgment in accordance with the verdict was duly signed by the District Judge of the Civil District Court for the Parish of Orleans, and the plaintiff obtained a devolutive appeal from that portion of the judgment which awarded her only $1200.00 for personal injuries, alleging the same to be grossly inadequate. The defendant answered the appeal and denied liability, thus raising the issue as to whether or not the findings of the jury were correct, and also raising the issue of the quantum of damages, as the defendant alleged that the jury's allowance of $1200.00 was excessive.
The case was submitted to the jury after the jury had been fully charged as to the law applicable to the case and they resolved the question of fact in favor of the plaintiff as to whose fault or negligence caused the accident. The jury was correctly *450 informed that under the law a common carrier is held not simply to a reasonable degree of care, but to the highest degree of care, and the commission of any act of negligence or the omission of any act of care or caution, no matter how slight in degree, subjects such carrier to liability. This was held in the case of Wilson v. Yellow Cab Company of Shreveport, Inc., La.App., 64 So.2d 463. To the same effect are the holdings in the cases of Hopper v. Shreveport Railway Company, La.App., 51 So.2d 845, and Oppenheim v. Toye Brothers Yellow Cab Company, La.App., 7 So.2d 420. The jury was likewise charged that
"A common carrier is responsible to a passenger for failure to furnish a place to embark or for allowing a passenger to disembark at an unsafe place."
Wagner v. New Orleans Public Service Company, 120 So. 72, Campbell v. New Orleans Public Service Company, 16 La.App. 210, 133 So. 542.
A review of the evidence discloses a conflict in the testimony presented to the jury by the parties in this case. The plaintiff's testimony, corroborated by her witnesses, is to the effect that the cab driver stopped the cab in order to allow the plaintiff to alight, but stopped adjacent to a drainage ditch, which was about one foot deep and a foot or more in width, with the result that when the plaintiff alighted from the cab, she stepped directly into said ditch, causing her to fall. They testified that he did not stop directly in front of the driveway which lead into the premises where the plaintiff lived, but that he passed this area which was safe and drove beyond the driveway to a place where it was not safe for the plaintiff to alight, as such was within eight or nine inches from the edge of the ditch. There was also some dispute between the parties as to the question of whether or not the plaintiff was under the influence of alcoholic beverages at the time. If she was, then the evidence shows that the cab driver accepted her as a passenger under such circumstances, and rather than relieve him of any responsibility to her as she attempted to alight from the cab, such condition would increase and make it more encumbent on him, as a duty to his passenger, to see that she had his assistance in alighting from the cab. Be that as it may, both contentions as to how the accident took place were very adequately presented to the jury. The jury heard the evidence and reached the conclusion that the defendant's agent had been negligent in his duties to the plaintiff and that his negligence was the sole and proximate cause of the accident which occurred. After a full and thorough review of the evidence, this Court finds no error in the findings of the jury, and, therefore, the matter of liability of the defendant for the injuries to the plaintiff as found by the jury is affirmed.
The second and most serious issue presented for decision in this case is the quantum of damages to be allowed to the plaintiff for the injuries which she sustained as a result of the accident. The plaintiff was forty-five years of age, and at the time of the accident, was employed as a manicurist at a barber shop on Royal Street in the City of New Orleans. She was in good physical condition and was earning from $50.00 to $65.00 per week. For some time after the accident which occurred on June 20, 1959, she attempted to treat her own injuries by soaking her foot and ankle in warm water, etc. but experienced no relief. When her condition failed to improve, she finally went to Dr. Blaise Salatich for examination and treatment on June 29, 1959. Dr. Salatich, an orthopedic surgeon, examined the plaintiff's foot and ankle, had X-rays made, and found that there was a serious comminuted type of oblique fracture on the lower end of the fibula or ankle bone, accompanied by injuries to the ligaments and tissues, all of which had produced a severe swelling and very painful injury to the ankle joint. He had a plaster cast made and applied to the plaintiff's left ankle, extending from below the knee to the end of the foot, the cast being supplied with a rubber walking heel. *451 He prescribed certain analgesics for the relief of pain and directed that she not walk on the foot or use it any more than absolutely necessary, and continued his treatment of the plaintiff for several months.
At the request of defendant's attorney, the plaintiff was also examined by Dr. Jack Wickstrom, an eminent orthopedic surgeon, on December 9, 1960. Dr. Wickstrom likewise found that the plaintiff had suffered a fracture of the distal end of the fibula. It was his opinion that due to the injury, the loss of motion of the plaintiff's ankle was from a normal 66% to 62% or a loss of ankle mobility of 4%, which would amount to about 7% permanent ankle disability. He agreed that the plaintiff's injury was a painful type, and that it would not be wise for her to wear high-heel type shoes.
The evidence establishes that the plaintiff wore the cast on her foot and ankle for about eight weeks. It also establishes that she suffered much pain, and, at the time of the trial, still suffered pain during rainy weather; that the ankle was weak and often turned, causing pain, when she made an awkward step. The evidence shows that the plaintiff lost considerable time from her employment, and often found it necessary to return to her home during working hours because of the discomfort that came from walking and standing on the injured ankle.
The jury, after hearing all of the witnesses testify, believed that the sum of $1200.00 was adequate to compensate the plaintiff for her pain and suffering and for the personal injury to her ankle, and it is rather difficult for this Court to upset the judgment of the jury. The cases cited by the appellant to justify an increase in the amount of the award are not too satisfactory, as each case rests upon its peculiar facts and circumstances. Included in the cases cited is the case of Hazelton v. Watson, 116 So.2d 733, which was decided by the Second Circuit Court of Appeal. In that case, the plaintiff, who had suffered a serious sprain of the left ankle and a fracture of the neck of the left fibula, which took four months to heal, and had suffered for several months, was awarded damages in the amount of $1500.00. Also cited, is the case of O'Pry v. City of Opelousas, 124 So.2d 333, wherein the Court of Appeal sustained an award of $3,000.00 to a plaintiff who sustained a badly sprained ankle which required a semi-cast for eight weeks and ankle braces for six or eight months, with recurring episodes of disability during that time, but with insignificant residual disability.
Considering all of the facts and circumstances in the case at bar, and relating them to the decisions of the appellate courts fixing the quantum of damages for similar injuries, it is our conclusion that the award for personal injuries and for pain and suffering should be increased from $1200.00 to $2,000.00.
For the reasons herein assigned there is judgment amending the judgment of the Civil District Court in and for the Parish of Orleans, State of Louisiana, so that there is now judgment in favor of the plaintiff, Sally Cox, and against the defendant, Toye Brothers Yellow Cab Company, and against each of the partners thereof, for and in the following sums:

For personal injury, pain and
 suffering $2,000.00
For medical expenses 354.00
For loss of wages 500.00
 _________
 Total $2,854.00

together with 5% per annum interest from judicial demand until paid, and all costs, including all costs of this appeal.
Amended and affirmed.