SAMUEL, Judge.
Mrs. Landry, one of the plaintiffs herein, was injured in a collision between a taxicab and another automobile. She and her husband instituted this suit against two defendants, the driver and the owner of the taxicab; she seeks damages for personal injuries and he seeks recovery of medical and other expenses incurred in connection with the treatment of those injuries. There was judgment in the trial court, against both defendants in solido, in favor of Mrs. Landry in the sum of $1,000 and in favor of her husband in the sum of $330.30. The defendants have appealed therefrom. In this court defendants contend the trial court judgment should be reversed because the defendant-driver was not guilty of any negligence. There is no dispute concerning quantum.
Other than medical, the evidence in the record consists only of the police report of the accident, the testimony of Mrs. Landry and the testimony of the taxicab driver. The police report contains the statements made by the drivers of the two vehicles to the investigating police officer at the scene shortly after the accident occurred. Counsel for both plaintiffs and defendants concede the correctness of that portion of the report.
The undisputed facts are: The accident happened at about 3:20 p. m. in the City of New Orleans. The taxicab, occupied by Mrs. Landry as a paying passenger, was in the left or neutral ground lane in the 2700 block of St. Bernard Avenue proceeding towards the river within the speed limit of 35 miles per hour. The cab driver’s view to the front and side was unobstructed. The cab overtook the other automobile, which also was proceeding towards the river in the lane to the right of and next to the lane occupied by the cab. As the cab was about to pass the other vehicle the latter moved left into the former’s lane. The cab driver applied his brakes but the front part of the other vehicle scraped the right side of the cab causing a small amount of damage. Mrs. Landry occupied the right side of the rear seat. She was thrown forward, chiefly or perhaps solely, by the sudden application of the cab’s brakes, hitting and injuring her abdomen and leg. At the time of the accident she was about seven and one-half months pregnant. The driver of the other vehicle told the police officer he was pulling into the left lane from the right lane and did not see the approaching taxicab. The driver of the taxicab told the officer he applied his brakes when he saw the other car crossing into his lane but was unable to avoid the collision.
Mrs. Landry testified: She entered the taxicab at her residence in New Orleans and instructed the driver to take her to another address in the city. Although she did not make conversation or encourage him to talk, the driver was inattentive to his driving and spent more time talking to her, “kidding” her about her pregnancy. Just before the accident occurred he was talking and looking over his shoulder. She saw the other car “edging” over to its left and its driver gave a hand signal just as, or just before, the taxicab began to pass the other car. The cab driver failed to see the other automobile because he was not looking ahead. She “hollered” for him to look and he applied his brakes.
The defendant taxicab driver denied he had been talking with or to Mrs. Landry. He testified he was looking ahead when suddenly and without warning of any kind the other car swerved left into his lane. He reacted immediately by pulling to his left as far as he could and applying his brakes.
*29 Public carriers of passengers are required to exercise the highest degree of care and when a passenger is injured as the result of an accident, the burden is on the carrier to show it was free of negligence. Wise v. Prescott, 244 La. 157, 151 So.2d 356; Roth v. Lloyd S. Gaubert, Inc., La.App., 144 So.2d 675; Johnson v. New Orleans Public Service, Inc., La.App., 139 So.2d 7; Johnson v. Shreveport Transit Company, La.App., 137 So.2d 463; Le Beau v. Baton Rouge Bus Co., La.App., 136 So.2d 740; Adams v. Canal Insurance Co., La. App., 127 So.2d 40. The commission by the common carrier of any act of negligence contributing to accidental injury to a passenger, or the omission by the carrier of any act of prudence, care or caution which might have resulted in avoiding such an injury, subjects the carrier to liability therefor. Wise v. Prescott, supra; Upkins v. Downs, La.App., 169 So.2d 256; Duane v. Toye Bros. Yellow Cab Company, La. App., 148 So.2d 451; Cox v. Toye Bros. Yellow Cab Co., La.App., 144 So.2d 448; Alphonse v. New Orleans Public Service, Inc., La.App., 138 So.2d 610; Coleman v. Continental Southern Lines, La.App., 107 So.2d 69.
In the instant case there can be no liability if the accident happened as described by the taxicab driver for under those circumstances he did everything possible to avoid the collision and there was no negligence on his part. However, if the accident happened as described by Mrs. Landry the defendants are liable. Under those circumstances the taxicab driver might have avoided the collision, or at least the sudden application of his brakes, if he had been keeping a proper lookout, a duty he owed to any passenger but especially to one known by him to be in an advanced condition of pregnancy.
The testimony of Mrs. Landry and the taxicab driver is in direct conflict on the material questions of fact at issue here. And in order to arrive at a determination of those facts it was necessary for the trial judge to believe one of the witnesses and disbelieve the other, in whole or in part. As shown by his conclusion and his written reasons for judgment, he accepted and believed the testimony of Mrs. Landry and was of the opinion that both drivers had been negligent.
On questions of fact involving credibility of witnesses the trial judge will be reversed only for manifest error. Kelly v. Dover, La.App., 182 So.2d 570; Haynes v. Cooperative Cab Co., La.App., 134 So.2d 353; See 2A Louisiana Digest, p. 401, Appeal & Error, ®=» 1008(1). It suffices to say we find no manifest error here.
The judgment appealed from is affirmed.
Affirmed.