222 So.2d 638 (1969)
Ora Lee YOUNG
v.
Harry FRYOUX, Robert Winley, Letellier-Phillips Paper Company, Nola Cab Company and Edward Ferguson.
No. 3453.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
*639 Denis A. Barry, II, New Orleans, for plaintiff-appellee.
Robert J. Pitard, New Orleans, for defendants-appellants.
Porteous & Johnson, William A. Porteous, III, New Orleans, for defendants-appellees.
Before HALL, GARDINER and LeSUEUR, JJ.
HALL, Judge.
Ora Lee Young, a fare paying taxicab passenger, received a back injury as the result of an accident involving the taxicab and a truck which occurred at the intersection of Erato and Carondelet Streets in the City of New Orleans on the afternoon of September 23, 1964. She brought this suit for damages on September 8, 1965 against Logan Cab Company, owner of the taxicab; Nola Cab Company, its bonding company or insurer; Edward Ferguson, driver of the taxicab; Harry Fryoux, owner of the truck; Robert Winley, its driver; and Letellier-Phillips Paper Company, alleged to be the principal of, or a joint-venturer with, the owner and driver of the truck. Robert Winley, driver of the truck, was *640 never served with process, filed no answer and made no appearance in the suit.
Plaintiff's claim against Letellier-Phillips Paper Company was dismissed with prejudice by summary judgment rendered November 28, 1966, and that judgment is now final.
On May 16, 1967 plaintiff amended her original petition by adding Netherlands Insurance Company as a party defendant alleging that it was the public liability insurer of Harry Fryoux, owner of the truck at the time of the accident.
On September 14, 1967 Harry Fryoux and Netherlands Insurance Company filed a third-party demand against Logan Cab Company, owner of the taxicab, Nola Cab Company, its bonding company, and Edward Ferguson, the cab driver, praying for indemnity and, alternatively, contribution in the event third-party plaintiffs should be cast in judgment in favor of plaintiff in the main demand.
Following trial on the merits judgment was rendered:
a) In favor of the plaintiff, Ora Lee Young, against the defendants Edward Ferguson, Logan Cab Company and Nola Cab Company in solido in the sum of $1,310.00 together with legal interest thereon from date of judicial demand until paid and all costs.
b) Dismissing plaintiff's suit as to the defendants, Harry Fryoux, Robert Winley and Netherlands Insurance Company.
c) Dismissing the third-party petition of Netherlands Insurance Company against Harry Fryoux (sic).
Edward Ferguson, Logan Cab Company and Nola Cab Company appealed. No answer to the appeal was filed and no other party to the proceedings appealed.
The sole question involved is liability.
The record reveals that plaintiff was injured in a collision between the taxicab and a pick-up truck which occurred between 3:30 and 4:00 P.M. on September 23, 1964. Plaintiff was a fare paying passenger riding in the back seat of the taxicab which just prior to the accident had been proceeding in the center of Erato street in the direction of Lake Pontchartrain. Upon arriving at the intersection of Carondelet Street the taxicab came to a stop in obedience to a stop sign. At that time the pick-up truck was also stopped at the intersection headed toward the lake on the left of the taxicab and close to the uptown curb of Erato Street.
The exact location and cause of the accident are in dispute. From the testimony of the only three witnesses who testified at the trial we get two different versions of the accident. Those testifying were: 1) Ora Lee Young, the plaintiff; 2) Edward Ferguson, driver of the cab; and 3) James Scully, the police officer who investigated the accident.
Ora Lee Young testified that the taxicab "came to a stop sign and he pulled off, and all I can remember is that the car, the truck and the car was together * * * I was on my knees in the back of the car. I was knocked to the back of the car and I fell on my knees and I pulled myself up the best way I could." She had not seen the truck prior to the accident. She testified that immediately prior to the accident the cab driver "was looking back at me, talking to me." When asked how long before the accident the driver was talking to her, she answered:
"It was during that time. I held my head down. When I looked up, I was on the back of the seat on my knees. * *"
She further testified:
"I had my purse. I had a pencil in my hand figuring what I had to pay, what I was going to buy. He was looking back talking to me."
She said that at the time of the accident she was looking down hence she did not know of her own knowledge how the accident occurred but she was certain that the *641 cab was moving forward at the time of the accident, that it happened when the cab was "pulling off from Erato to cross Carondelet." "The driver pulled off and when I knew anything the truck and the car was together." She testified that the front of the cab and the front of the truck were the parts which came in contact.
On cross-examination a written statement signed by Ora Lee Young was introduced in evidence. This statement contains the following sentence "* * * The cab was stopped when a truck on the cab's left on Erato Street headed in the same direction came over and struck the left of the cab * * *" Who wrote the statement is not disclosed. Mrs. Young admitted signing it but said she did not read it. She again stated that she had not seen the truck prior to the accident and that the cab pulled off from the stop sign and the accident occurred while the cab was moving.
Officer Scully who investigated the accident testified that when he arrived at the scene of the accident the cab was in about the center of the intersection facing the lake and was blocking Carondelet Street. The front of the cab was in the middle or probably a little past the center of the intersection and the truck was in about the same position except that the truck was on a slant as if it had been in the process of making a right turn down Carondelet Street. Debris in the roadway indicated that the cab had travelled four to five feet beyond the point of impact. The officer testified that he questioned the cab driver who told him he had stopped at the stop sign on Erato Street, ascertained that the traffic on Carondelet Street was clear, and then proceeded out into the intersection and as he did he was struck by the truck which had pulled out on his left. According to Officer Scully the damage to the cab was on the left side near the front and the damage to the truck was on the right front "or from the front back slightly to the right side." The record shows that the vehicles had not been moved prior to Officer Scully's arrival at the scene.
The testimony of the plaintiff and the police officer are in accord. They were certain that the accident occurred well into Carondelet Street beyond the stop sign on Erato Street. Their testimony is in direct conflict with the testimony of the cab driver.
Edward Ferguson, the cab driver, testified that when he stopped at the stop sign he couldn't see traffic coming down Carondelet Street because of the truck stopped on his left. That he hesitated a while for it to move. He said the driver of the truck had his motor running and "when the man did take off to move the truck, he swung around too short and the bed part by the middle of his truck caught my front fender and snatched me over a couple of feet." He testified that he was parked at the stop sign sitting still at the time he was hit and stated at least three times that the truck knocked the taxi a couple of feet to the side. He denied that the accident happened in the intersection and also denied that he was turned around talking to the plaintiff just before the collision.
The Trial Judge evidently accepted the version of the accident as testified by the plaintiff and the police officer. On questions of fact involving credibility of witnesses the Trial Judge will be reversed only for manifest error. We find no manifest error here.
No testimony whatever was adduced on the part of the owner of the truck, its driver, or the owner's insurer. Robert Winley, driver of the truck, although made a party defendant, was, as we have seen, never served with process and made no appearance in the trial. Although his deposition was taken and a copy thereof appears in the record it was not introduced in evidence. As held in Circello v. Haas & Haynie Corp., La.App., 116 So.2d 144, unless depositions are introduced in evidence they cannot be considered either by the trial or reviewing court.
The Trial Judge did not render any written reasons for judgment but from the *642 remarks made by him during the trial it is evident he took the position that even if an inference of negligence on the part of the truck driver could be drawn from the testimony, no judgment could be rendered against him, nor could any judgment be rendered against the truck owner or his insurer because there was no proof that Robert Winley was an employee of the owner.
We are of the opinion, as was the Trial Judge, that the cab driver was talking to the plaintiff with his head turned toward the rear immediately prior to the accident. He was negligent in failing to keep a proper lookout and this negligence was the proximate cause, or at least a contributing proximate cause of the accident.
A cab driver must exercise the highest degree of care to transport his passenger safely to his destination and any infraction or dereliction of duty, however slight, which has causal connection with the accident renders the cab company and its operator liable. Eleazar v. Illinois Cent. R. Co., La.App., 24 So.2d 387; Bynum v. Wiggins, La.App., 107 So.2d 476.
Any negligence, however slight, subjects the carrier to liability to a passenger, even assuming that the concurring negligence of a third-party contributed primarily to the accident. Brown v. Gonzales, La.App., 77 So.2d 887.
Public carriers of passengers are required to exercise the highest degree of care and when a passenger is injured as the result of an accident, the burden is on the carrier to show it was free of negligence. Landry v. Ed's Cab Service Inc., La.App., 185 So.2d 27.
Since Robert Winley was never served and never made any appearance of any kind no valid judgment could be rendered either against him or in his favor and that part of the judgment dismissing plaintiff's suit against him must be set aside. See Poche v. Dauzat, La.App., 174 So.2d 845.
That part of the judgment appealed from which dismisses the third-party petition of Netherlands Insurance Company is inaccurately drawn, and should be amended.
For the foregoing reasons that part of the judgment appealed from which dismisses plaintiff's suit against Robert Winley is set aside and annulled, and that part of the judgment which dismisses the third-party petition of Netherlands Insurance Company is amended so as to read as follows: "It is further ordered, adjudged and decreed, that the third-party action of Harry Fryoux and Netherlands Insurance Company against Edward Ferguson, Logan Cab Company and Nola Cab Company be and the same is hereby dismissed." In all other respects the judgment appealed from is affirmed; costs of this appeal to be borne by appellants.
Set aside in part, amended in part and affirmed.