BOUTALL, Judge.
This is a suit by Mr. and Mrs. Clifton Johnson against the City of New Orleans and the New Orleans Public Service, Inc., for injuries suffered by Mrs. Clifton Johnson when she fell while descending from a Public Service bus at a bus stop on Elks Place near the corner of Canal Street in New Orleans. The City of New Orleans eventually filed a Third Party Demand against the New Orleans Public Service, alleging the negligence of the said Company.
Judgment was rendered dismissing the suit of the plaintiffs against the City of New Orleans, but awarding to the plaintiffs against the New Orleans Public Service, Inc. the amount of $127.00 for medical expenses, and $3,000.00 to Mrs. Johnson for her injuries, pain, and suffering. This judgment specifically stated that the Court found the plaintiff, Mrs. Elizabeth Goines Johnson, was free of fault. The New Orleans Public Service, Inc. appealed to this court, as did the plaintiffs, who asked that the City of New Orleans be rejoined as a party defendant. Plaintiffs also answered the appeal, asking that the award against the New Orleans Public Service Inc. be increased from $3127.00 to $10,000.00.
We summarize the facts as follows:
Plaintiff, Elizabeth Goines Johnson, had accompanied her son, Donovan, to Charity Hospital. On their return trip, plaintiff and her son had boarded a New Orleans Public Service bus in the vicinity of Charity Hospital, and were carried to a bus stop on Elks Place near the intersection of Canal Street. This bus stop had been provided by the City of New Orleans and was in constant use by the vehicles of the Public Service. Upon reaching this area, the bus in question did not park parallel with or adjacent to the curb; rather, it parked at an angle to the curb so that its side door was some two to three feet from the curb. As a result, discharging passengers could not step to the curb from the side door. In this parked position, the bus rested partly over a hole in the street some two or three feet from the curb. Consequently, passengers alighting from the side door would have difficulty in seeing this hole from the door. Mrs. Johnson, 45 years old, and a short, stocky, woman, attempted to step directly to the curb from the steps of the bus, but, realizing it was too far, she stepped down into the hole and pitched forward, hitting the curb in the process. Her son, a tall, slim boy of 18 years, was standing on the curb, turning around to assist his mother when the accident occurred.
■Plaintiffs pleaded the liability of the New Orleans Public Service for its negligence in the improper parking of the bus, and. in permitting the passengers to exit from the bus into a hazardous situation. Plaintiffs alleged the negligence of the City of New Orleans in allowing a hazardous situation to remain uncorrected even though the City knew of its existence. The City of New Orleans, in its Third Party Demand, pleaded the negligence of the New Orleans Public Service for the same reasons the plaintiffs did, and, added another one— *796 the Public Service vehicles deteriorated the roadway. The Public Service pleaded the contributory negligence of Mrs. Johnson in failing to hold on to the rails in the bus while alighting, and in failing to watch her step as she descended from the bus.
Companies operating public conveyances owe their fare-paying passengers the highest duty of care and protection, and the failure of a passenger to reach his destination safely establishes a prima-facie case of negligence against the carrier. The burden then shifts to the carrier to overcome this prima-facie case. Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963), and the cases therein cited. To be sure, the carrier does not insure the absolute safety of its passengers, but it must exercise the highest degree of care for the safety of those using its conveyances. In the light of these rules, it cannot be said here that the Public Service overcame the presumption of negligence. The trial judge found the Public Service to be negligent and we agree. In the absence of a showing of manifest error, we cannot disturb such a finding.
Plaintiff argues to us that Public Service violated Municipal Ordinance 828, Sections 38-220, City of New Orleans, which was stipulated into the record. Its pertinent provisions set forth that all vehicles standing or parking on a roadway shall stand or park parallel with the edge of the roadway, headed in the direction of the legal traffic flow. The right hand wheels of the vehicle must be within -18 inches of the curb or roadway edge, with certain exceptions not applicable to this case. We cannot agree that mere failure to park parallel to the curb constitutes negligence. However, when such improper parking requires the passengers to disembark at an unsafe place, there is negligence. See Johnson v. New Orleans Public Service, Inc., Court of Appeal, Fourth Circuit, 139 So.2d 7 (1962); Crawley v. City of Monroe, La.App. 26 So.2d 493 (1946); Freeman v. New Orleans Public Service, Inc., 1 La.App. 600 (1925); Clogher v. New Orleans Ry. & Light Co., 143 La. 85, 78 So. 247 (1918).
Curtis Jackson, the bus operator, testified that he could have parked parallel with the curb if no obstacles were in the way. He could not recall whether any obstacle was there or not, and the record contains no further evidence on this point. He further testified that, on every eight hour shift, he would “hit” that particular bus stop eight or nine times and he was familiar with the location. At the time of the accident, he did not notice any holes in the street but he did observe a “slant” at the front door “up by the bus stop, couple of feet back fr.om the bus stop.” He characterized it as a worn-down spot and not a hole. The photographs introduced into evidence indicate that a hole did exist at the approximate location of the accident, although it is difficult to ascertain from the pictures the size or the depth of the hole. The evidence discloses that the parked bus partly obscured this hole.
In view of these facts, we hold that the Public Service is liable for the negligence of its employee in not parking the bus properly at the curb, and parallel with it, so that its passengers could alight safely, but, instead, parked it so that passengers disembarked over a hole in the street. The Public Service knew or should have known that the hole existed, and its negligence in these two respects failed to overcome the plaintiffs’ case.
We now pass to a consideration of the liability of the City of New Orleans. In matters of this kind, the municipality’s duty of care to those who use its facilities is less than the duty owed by a public carrier to its passengers. Before a municipality can be held liable, an existing hazardous situation must be obviously dangerous to a reasonable person. Further, the municipality must have actual or constructive notice of the existence of the hazard and must have failed to correct it within a reasonable time. See Martin v. City of Ope- *797 lousas (Court of Appeal, Third Circuit), 185 So.2d 223 (1966), and St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964), and cases cited in these opinions.
Here, the hole in the street, by itself, was not an obviously hazardous situation, because it was in plain view of anyone traversing the area. It became hazardous only when the bus parked in such a way as to partly obscure its presence. There is evidence in the record that the City of New Orleans maintains a reasonable system of street inspection for hazards and there is no evidence at all to show how long the hazard existed; hence, it cannot be said that the City waited an unreasonable length of time to effect repairs. There is no contention by any party that the City had received actual notice of the defect prior to the accident. We think the City exercised its required degree of care in this situation and we affirm the lower court’s dismissal of. this suit against the City of New Orleans.
The Public Service attributes contributory negligence to Mrs. Johnson in that she failed to hold on to the rails in the bus, and, in that she did not watch where she was stepping when she descended from the bus. However, the trial judge found Mrs. Johnson free of fault and we see nothing in the record to upset this finding. Mrs. Johnson started to leave the bus while it was parked at an angle away from the curb, and she looked to her son on the curb for assistance while she held the door open with her right hand. We agree with the trial judge that she was free of fault.
The trial court awarded plaintiff Clifton Johnson $127.00 for medical bills incurred by his wife. Mrs. Elizabeth Goines Johnson was awarded $2,000.00 for a moderate lumbosacral strain, $250.00 for a strained muscle in the left thigh, and $750.00 for pain and suffering. The medical evidence shows that these figures are reasonable for the injuries incurred.
The judgment appealed from is affirmed, appellant New Orleans Public Service, Inc. to hear all costs.
A Affirmed.